■ CHARTER ONE BANK, F.S.B., Appellant, v MIDTOWN ROCHESTER, L. L. C., Respondent. (Appeal No. 1.) [727 NYS2d 225] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff leased space in the basement and on the first, second, and third floors of defendant's building. The lease term for the basement and first floor was to expire on January 31, 2004, while the lease term for the second and third floors was to expire on January 31, 1999 unless plaintiff exercised the option to extend the latter term for an additional five years. A lease amendment provided that, if plaintiff did not exercise that option, the parties "shall agree upon a suitable method of returning the atrium area of the Premises * * * to their condition prior to the commencement of the term of the Lease." The amendment further provided that, if the parties failed to agree upon a suitable method of restoration by August 31, 1998, the lease term for the entire premises would continue until July 31, 2001. Plaintiff did not exercise the option, and the parties did not agree upon a method of restoring the atrium area. Plaintiff thereafter commenced this declaratory judgment action seeking, *inter alia,* a declaration that the lease is null and

void because defendant breached its express and implied contractual obligations.

Supreme Court erred in granting that part of defendant's motion for partial summary judgment seeking a declaration that the term of the lease is extended until July 31, 2001. Although defendant met its initial burden by establishing its entitlement to judgment as a matter of law (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324), plaintiff raised an issue of fact whether defendant breached the implied covenant of good faith and fair dealing with respect to the lease (*see, Dalton v Educational Testing Serv.*, 87 NY2d 384, 389). Plaintiff submitted evidence that defendant refused to negotiate with plaintiff to find a suitable method for returning the atrium to its original condition. In reply, defendant submitted evidence that other leasing options were considered by the parties, but failed to submit evidence addressing plaintiff's contention concerning defendant's failure to negotiate.

Because defendant failed to establish that plaintiff was in default "in the observance or performance of any term or covenant" of the lease, the court also erred in granting that part of defendant's motion seeking reasonable attorney's fees pursuant to paragraph 27 of the lease. We therefore modify the order by denying defendant's motion. (Appeal from Order of Supreme Court, Monroe County, Stander, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Hurlbutt, Scudder and Burns, JJ.