■ F & S Pharmacy, Inc., Appellant, v Dandra Realty Corp., Respondent. [754 NYS2d 256] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered May 11, 2001, which, insofar as appealed from, granted defendant's motion for summary judgment dismissing the complaint for failure to state a cause of action in an action for specific performance of an option for the purchase of certain real property, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated.

Plaintiff F & S Pharmacy has operated a drug store since 1955 in premises located on Williamsbridge Road in the Bronx. Several years later, defendant Dandra Realty Corp. purchased the premises. On or about August 1, 1995, the parties executed a 10-year renewal lease for the drug store, which states in relevant part: "During the term of this Lease [the principals of F&S Pharmacy] or any corporation in which either or both [principals] have a financial interest shall have a right to purchase the building in which the demised premises are situated for Six Hundred Thousand Dollars ($600,000.) on terms agreeable to both parties."

In December 1999, defendant's attorney notified plaintiff that defendant had a potential buyer for the premises. After consulting with counsel and ascertaining that it could obtain financing from an institutional lender, plaintiff advised defendant that it wished to exercise the option to purchase the premises and requested a contract of sale.

Defendant's attorney sent a contract which stated that defendant would hold a purchase-money mortgage in the amount of $400,000, over a 12-year period, with interest at 9.75%. The balance of the price was to be paid as follows: $60,000 on signing the contract, and $140,000 at closing. Defendant then sent a letter advising plaintiff that the purchase-money mortgage provision of the contract was to be modified to include a clause that the mortgage could not be prepaid for six years. Defendant sent yet another letter advising that if plaintiff sold the premises, sold or transferred any of the stock in the corporation, or dissolved the corporation, plaintiff would remain primarily liable on the mortgage and note. This letter also directed that any new purchaser would take subject to the primary mortgage.

Although plaintiff was willing to accept most of the contract terms, plaintiff considered the high interest rate and the

prepayment penalty unreasonable terms. Consequently, defendant decided not to sell the property, and plaintiff commenced this action for specific performance of the option. Defendant moved for summary judgment on the ground that there was no meeting of the minds regarding the terms of purchase. The Supreme Court denied the motion, finding an issue of fact "as to whether defendant was attempting to impose unreasonable conditions in order to avoid plaintiff's purchase of the premises."

Thereafter, defendant moved to reargue, contending that the terms of purchase, except the price, were not specified in the option. The motion court granted reargument and then dismissed the complaint. The court now reasoned that there had never been a meeting of the minds on the essential provisions of the option.

We reverse. The option clearly gave plaintiff the right to purchase the premises for $600,000 (*see Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.*, 78 NY2d 88 [1991] [contract enforceable if court able to determine what parties agreed to]). Here, there is no mortgage contingency contained in the option. Thus, the terms of the mortgage cannot be considered material (*see Marder's Nurseries v Hopping*, 171 AD2d 63, 74 [1991], *lv denied* 79 NY2d 757 [1992] [since seller not required to offer a purchase-money mortgage and buyer is not required to accept it, terms of the contract relating to a purchase-money mortgage should not be considered material]).

Defendant relies on, inter alia, *Danton Constr. Corp. v Bonner* (173 AD2d 759 [1991]) for its contention that the option was nothing but an unenforceable "agreement to agree." However, these cases are distinguishable. *Danton*, which is illustrative, involved an option to purchase which expressly reserved defendant's right to "reformat" the terms of a proposed contract for the sale of eight parcels of property. The *Danton* Court found that by reserving a vague right to reformat the terms of the proposed conveyance, defendant left significant terms open to future negotiations. Since the parties never executed a formal contract as contemplated by the option letter and since the parties never agreed to the essential terms of the proposed conveyance itself, the *Danton* Court refused to enforce the agreement. Here, however, the option was not contingent upon anything other than plaintiff purchasing the premises for $600,000 during the term of the lease. The option did not require that any specific type of financing be obtained. How plaintiff would obtain the financing was not contemplated by the option agreement. Defendant's reliance on *Martin Delicates-*

*sen v Schumacher* (52 NY2d 105 [1981]) is also misplaced. In *Martin,* the Court of Appeals found unenforceable a lease renewal for annual rentals to be agreed upon. Here, the purchase price was set forth in the option.

Since plaintiff indicated that it was willing to tender $600,000 to defendant in exchange for title, defendant had no right to insist on "creative" financing which was apparently intended to undermine the option. The only terms with which plaintiff took issue were the above-market interest rate and the prepayment penalty for the first six years. Defendant's insistence upon these terms raises an issue as to whether defendant breached the covenant of good faith and fair dealing implicit in all contracts (*see Dalton v Educational Testing Serv.,* 87 NY2d 384, 389 [1995]; *Goodstein Constr. Corp. v City of New York,* 111 AD2d 49 [1985], *affd* 67 NY2d 990 [1986]).

Although we find the option an enforceable agreement, there are issues of fact, inter alia, whether plaintiff would be able to obtain financing and whether defendant's insistence upon certain terms was geared to undermine an otherwise enforceable option. Accordingly, a trial is required. Concur—Nardelli, J.P., Ellerin, Williams and Marlow, JJ.