■ 34-35TH CORP., Respondent, v 1-10 INDUSTRY ASSOCIATES, LLC, Appellant. [792 NYS2d 173]—

In an action, inter alia, to recover damages for breach of a lease, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated December 10, 2003, as granted the plaintiff's cross motion for partial summary judgment on the issue of liability with respect to its cause of action sounding in breach of contract.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's cross motion which were for partial summary judgment on the issue of liability with respect to so much of the cause of action sounding in breach of contract as was based on the defendant's failure to block existing openings, provide one six-inch hollow block mounted horizontally and install six windows, and failure to prevent water leaks and excessive moisture, and substituting therefor provisions denying those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

At issue here is whether the defendant landlord complied with an agreement with the plaintiff tenant to install and activate 600 amp three phase electric service, block existing openings, provide one six-inch block mounted horizontally for air circulation, and install six windows in the leased premises. Also at issue is whether the defendant breached a covenant of quiet enjoyment by failing to correct conditions which resulted in water leaks.

It is undisputed that the defendant did not install and activate 600 amp three phase electric service. Therefore, the Supreme Court properly granted the plaintiff partial summary judgment on the issue of liability with respect to that issue.

It is also undisputed that the defendant failed to block existing openings, provide one six-inch hollow block mounted horizontally for air circulation and install six windows. The evidence indicates that the defendant made efforts to comply with this requirement but the parties could not agree on a feasible location. The parties' allegations raise triable issues of fact as to whether the plaintiff breached the covenant of good faith and fair dealing implicit in all contracts and whether the defendant made reasonable efforts to comply (*see F & S Pharmacy v Dandra Realty Corp.*, 302 AD2d 204, 206 [2003]; *1-10 Indus. Assoc. v Trim Corp. of Am.*, 297 AD2d 630, 631 [2002]; *Charter One Bank, F.S.B. v Midtown Rochester*, 284 AD2d 993, 994 [2001]).

Further, it is undisputed that there were leaks on the premises. The plaintiff contends that those conditions constituted a breach of the defendant's covenant of quiet enjoyment with respect to this commercial lease (*see Fifth Ave. Bldg. Co. v Kernochan*, 221 NY 370 [1917]). To establish a breach of the covenant of quiet enjoyment, a tenant must show actual or constructive eviction (*see Grammer v Turits*, 271 AD2d 644, 645 [2000]; *Roli-Blue, Inc. v 69/70th St. Assoc.*, 119 AD2d 173, 175 [1986]). Failure to repair the building can constitute an actual or constructive eviction (*see Frame v Horizons Wine & Cheese*, 95 AD2d 514 [1983]). There is evidence in the record that the defendant made repairs in an attempt to cure the problems. Whether its efforts were sufficient constitutes a triable issue of fact for the jury to determine.

Accordingly, the plaintiff should have only been granted partial summary judgment as to liability with respect to the failure to install electric service pursuant to the parties' contract and the cross motion should have otherwise been denied. We note that the issue of damages is not before us. Adams, J.P., Santucci, Goldstein and Crane, JJ., concur.