■ INEZ SIMENS, Individually and as a Membership Unit Owner of US PROPERTIES, LLC, et al., Plaintiffs, v CHARLES DARWISH, Individually and as a Managing Membership Unit Owner of HAMILTON 65th PARTNERS, LLC, et al., Defendants. NEAL FELLENBAUM, as Temporary Receiver of the Premises Known as 135 EAST 65TH STREET, NEW YORK, NEW YORK, and 872 LEXINGTON AVENUE, NEW YORK, NEW YORK, Respondent, v SMALLBONE, INC., Appellant. [964 NYS2d 140]—

Order, Supreme Court, New York County (Lawrence K. Marks, J.), entered August 6, 2012, which granted the motion of petitioner Neal Fellenbaum, as Temporary Receiver, to remove the holdover proceeding pending against respondent Smallbone in Civil Court (L&T 57366-12) to Supreme Court, and consolidated that proceeding with an action pending in Supreme Court under index No. 105097-09, unanimously reversed, on the law and the facts, without costs, and the motion denied.

The Temporary Receiver, having commenced a holdover proceeding against Smallbone, a commercial tenant, in Civil Court, where complete relief can be afforded to him, has shown no basis for removing that proceeding to Supreme Court (*see Brecker v 295 Cent. Park W., Inc.*, 71 AD3d 564 [1st Dept 2010]). Smallbone's counterclaims, based on partial actual and constructive eviction, are within the traditional scope of jurisdiction of Civil Court, which "is the preferred forum for resolving landlord-tenant issues" (*44-46 W. 65th Apt. Corp. v Stvan*, 3 AD3d 440, 441 [1st Dept 2004]). Thus, the court erred in grant-

ing the motion to remove the summary proceeding, which was then scheduled for a traverse hearing and trial. Moreover, the court should not have consolidated the landlord-tenant summary holdover proceeding with an entirely distinct action involving accounting, fraud, and breach of contract claims between property owners (*see* CPLR 602). Concur—Acosta, J.P., Moskowitz, Renwick, Freedman and Clark, JJ.