Faith In Action Deliverance Ministries v 3231 Assoc., LLC (2019 NY Slip Op 00243)





Faith In Action Deliverance Ministries v 3231 Assoc., LLC


2019 NY Slip Op 00243


Decided on January 15, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2019

Richter, J.P., Manzanet-Daniels, Tom, Kahn, Singh, JJ.


8278N

[*1] Faith In Action Deliverance Ministries, Plaintiff-Appellant,
v
3231 Associates, LLC, Defendant-Respondent.


The Valentine Law Firm, PLLC, New York (Michael A. Valentine of counsel), for appellant.
Kenneth M. Bushell, Bronx, for respondent.



Order, Supreme Court, Bronx County (Donald A. Miles, J.), entered May 3, 2018, which denied plaintiff's motion for a preliminary injunction staying expiration of a 30-day notice of termination and restraining defendant from taking any action to commence an eviction proceeding or to sell or encumber the premises, unanimously reversed, on the law, the facts and in the exercise of discretion, with costs, the motion granted, and defendant is restrained from taking any action to commence or continue a summary proceeding to terminate the month-to-month tenancy, or to convey or otherwise encumber the premises, pending determination of plaintiff's claims for a declaratory judgment, specific performance and breach of contract, on condition that plaintiff remains current in payment of use and occupancy in the amount of $15,000 per month.
The motion court improvidently exercised its discretion in denying injunctive relief based on its finding that plaintiff's claims could be asserted as defenses in a Civil Court holdover proceeding, since Civil Court does not have authority to grant an injunction restraining sale of the property, or to grant the equitable relief sought by plaintiff, namely a declaratory judgment and specific performance (see City Civil Court Act §§ 208, 209[b], 212-a; Wilen v Harridge House Assoc., 94 AD2d 123, 125 [1st Dept 1983]; BLF Realty Holding Corp. v Kasher, 299 AD2d 87, 90 [App Term, 1st Dept 2002]). Since Civil Court would not be able to afford complete relief to plaintiff, the motion court erred in invoking the general rule that Civil Court is the preferred forum for resolution of landlord-tenant disputes (see e.g. Simens v Darwish, 105 AD3d 686 [1st Dept 2013]).
In support of its application for a preliminary injunction, plaintiff submitted evidence demonstrating a probability of ultimate success on the merits, danger of irreparable injury in the absence of an injunction, and a balance of equities tipping in favor of the moving party (see Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]; 1234 Broadway LLC v West Side SRO Law Project, Goddard Riverside Community Ctr., 86 AD3d 18, 23 [1st Dept 2011]).
Absent an injunction, plaintiff would suffer irreparable injury since it would lose the ability to specifically enforce its option under the lease to purchase the property for a specified price, after it had expended substantial sums renovating the property to suit its needs as a place of worship. The equities tip entirely in favor of plaintiff, since defendant has not asserted that an injunction would cause it any harm that cannot be avoided by directing payment of use and occupancy.
As for the likelihood of success on the merits, plaintiff demonstrated through its verified complaint and annexed exhibits that it has a likelihood of success on its claim that defendant breached the covenant of good faith and fair dealing. Defendant initially proffered a contract of sale consistent with the lease terms, which plaintiff signed, but then refused to sign any contract unless plaintiff agreed to pay a substantially higher price for the property, thereby preventing plaintiff from being able to obtain a mortgage commitment within the time provided by the lease. [*2]Defendant did not dispute plaintiff's factual showing, but contended that plaintiff's claim was barred by the statute of frauds because no contract was signed before the lease expired and the doctrine of promissory estoppel could not avoid that requirement. However, defendant did not address plaintiff's claim that its conduct breached the implied covenant of good faith and fair dealing implied in every contract, which embraces a pledge that " neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract'" (511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 153 [2002]; see F & S Pharm. v Dandra Realty Corp., 302 AD2d 204, 206 [1st Dept 2003]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 15, 2019
CLERK