■ In the Matter of STERLING RIDGE REALTY Co., INC., Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant, and KATHLEEN FOGARTY, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal, dated October 12, 1989, which affirmed a determination dated January 20, 1988, *inter alia,* that the respondent-respondent's indoor parking space was subject to the Nassau County Rent Guidelines, the New York State Division of Housing and Community Renewal appeals from an order of the Supreme Court, Nassau County (Morrison, J.), entered June 25, 1990, which annulled the determination, and remitted the matter to it for further consideration.

Ordered that on the court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, the determination is confirmed, and the proceeding is dismissed on the merits.

The respondent-respondent, Kathleen Fogarty, has been a tenant of the petitioner in Mineola since the mid-1970's. Pursuant to her lease, her rent includes one outdoor parking space. However, since 1977 she has been renting an indoor parking space in lieu of an outdoor parking space from the petitioner for an additional fee pursuant to a separate written lease. The cost of this indoor parking space has increased moderately over the years. However, in 1987, Fogarty received notice from the petitioner that the indoor parking space rental fee would be doubling effective immediately. Following this increase, Fogarty filed a complaint with the New York State Division of Housing and Community Renewal (hereinafter the DHCR) asserting that the garage rental was subject to rent regulation under the Emergency Tenant Protection Act (hereinafter ETPA). The DHCR found in her favor and held that the petitioner could increase Fogarty's garage rental only pursuant to the applicable guideline limits for housing rent renewals.

Under McKinney's Unconsolidated Laws of NY § 8630 (a) (Emergency Tenant Protection Act of 1974 § 10 [a] [L 1974, ch 576, § 4, as amended by L 1983, ch 403, § 56, as amended by L 1984, ch 234, § 3, as amended by L 1984, ch 439, § 1]), the DHCR has plenary powers to regulate the costs of services ancillary to rent for housing accommodations to prevent circumvention of the rent regulation laws *(see, e.g., Matter of Park Knoll Assocs. v New York State Div. of Hous. & Community Renewal,* 73 AD2d 625 [fees for building's swimming pool subject to regulation under section 8630 (a)]). This section expressly includes parking garages within the areas that may be regulated. Pursuant to this statute, the DHCR has promulgated regulations under 9 NYCRR part 2500 which allow, as here, an application by a tenant to enforce these rights *(see,* 9 NYCRR 2505.2, 2507.1, 2507.6). Here, the DHCR determined that the rent increases for the respondent-respondent's parking space, which admittedly were made to fill budget gaps created by insufficient apartment maintenance revenues, were an impermissible attempt to circumvent the rent regulation laws and a violation of the relevant ETPA rent regulation guidelines. Since this determination has a rational basis in the record, we decline to substitute our judgment for that of the DHCR *(see, Matter of Salvati v Eimicke,* 72 NY2d 784; *Matter of Seales v Mirabal,* 152 AD2d 672). The petitioner attempts to avoid this result by arguing that the DHCR may only regulate housing accommodations and "essential services". However, the petitioner cites to no such limiting language in either section 8630 (a), which is plenary on its face, or any regulation under 9 NYCRR part 2500. Therefore, we reject this assertion *(cf., Matter of Park Knoll Assocs. v New York State Div. of Hous. & Community Renewal,* 73 AD2d 625, *supra;* 9 NYCRR 2520.6). Mangano, P. J., Balletta, Lawrence and Copertino, JJ., concur.