■ In the Matter of ADORNO MARIANI, Appellant, v ANGELO APONTE, as Commissioner of the New York State Division of

Housing and Community Renewal, Respondent. [628 NYS2d 346] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal dated March 15, 1991, which affirmed the determinations of the District Rent Administrator dated December 26, 1989, December 29, 1989, January 2, 1990, March 23, 1990, April 19, 1990, April 20, 1990, and April 23, 1990, which, *inter alia,* ordered the petitioner to refund rent overcharges for parking garage spaces, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Lange, J.), entered February 8, 1994, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Seven of the petitioner's tenants filed complaints of rent overcharge for garage space that they rented from him. The District Rent Administrator found that the petitioner violated the Emergency Tenant Protection Act of 1974 (hereinafter ETPA) and the Emergency Housing Rent Control Law (hereinafter EHRCL), and ordered the petitioner to refund the amount of overcharge to the complaining tenants. The petitioner filed seven petitions for administrative review which were consolidated by the Division of Housing and Community Renewal (hereinafter DHCR). The DHCR affirmed the District Rent Administrator's order, and the Supreme Court confirmed the DHCR's order, finding that the garage space was a service provided in connection with each tenant's housing lease agreement.

The determination of the DHCR that the rent increases for the petitioner's parking garage were an impermissible attempt to circumvent the rent regulation laws and a violation of the relevant ETPA rent regulation guidelines has a rational basis in the record, and we decline to substitute our judgment for that of the DHCR *(see, Matter of Sterling Ridge Realty Co. v New York State Div. of Hous. & Community Renewal,* 185 AD2d 354). The petitioner contends that the DHCR may only regulate housing accommodations and "essential services". However, the petitioner cites no such limiting language in the ETPA § 10 (McKinney's Uncons Law of NY § 8630 [a], L 1974, ch 576, § 4, as amended) or Emergency Tenant Protection Regulations (9 NYCRR part 2500). Therefore, we reject this assertion *(see, Matter of Sterling Ridge Realty Co. v New York State Div. of Hous. & Community Renewal, supra).* Mangano, P. J., Joy, Hart and Florio, JJ., concur.