■ In the Matter of LYNDONVILLE PROPERTIES, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RE-

NEWAL, Respondent. [732 NYS2d 331] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), entered June 29, 2000, which denied the petition brought pursuant to CPLR article 78 to annul a determination of respondent Division of Housing and Community Renewal that petitioner landlord had overcharged its tenant, the complainant, for parking, unanimously affirmed, without costs.

We find a rational basis in the record for respondent's determination that the petitioner landlord's garage facility, situated adjacent to its apartment building and directly accessible therefrom, constituted a "required service" provided primarily for the use of the tenants in the apartment building and, thus, that petitioner's rental of parking privileges to its tenants was subject to the rent limitation guidelines of the Rent Stabilization Law (*see*, Rent Stabilization Code [9 NYCRR] § 2520.6 [r] [3], [4] [x]; *see also, Matter of Netherland Operating Corp. v Eimicke*, 135 AD2d 352, *lv denied* 71 NY2d 802). This being the case, we perceive no ground upon which respondent's overcharge determination might be judicially disturbed (*see, Matter of Colton v Berman*, 21 NY2d 322, 329; *Matter of Plaza Mgt. Co. v City Rent Agency*, 48 AD2d 129, 131, *affd* 37 NY2d 837).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Nardelli, J. P., Lerner, Saxe and Marlow, JJ.