OPINION OF THE COURT
Per Curiam.
Order dated June 26, 2002 affirmed, with $10 costs.
*108 In these holdover proceedings consolidated for disposition below, landlord, a cooperative corporation, seeks to recover two cellar spaces leased to Thomas Ettinger, who is also the non-purchasing rent-controlled tenant of two joined eleventh-floor apartments in the building. Civil Court properly rejected tenant’s argument that the cellar spaces are subject to rent regulation because he used them as “ancillary living space” appurtenant to the rent-controlled apartments. The rooms at issue are designated as storage space on the certificate of occupancy and lack kitchen or bathroom facilities. They are clearly not physically appurtenant to the controlled apartments and were demised under leases (now expired) which made no reference to the apartments to which they are ostensibly connected. Tenant makes separate rent payments for the residential and basement spaces. As correctly stated by the motion court, coverage under a rent regulatory scheme is a matter of statutory right and cannot be created by waiver or estoppel (see, Ruiz v Chwatt, 247 AD2d 308 [1998]). Tenant could not, by his use of the cellar premises for storage, workspace or recreational activities, confer regulated status upon separate and distinct nonresidential space that was not equipped or leased as a housing accommodation (see, 129 E. 56th St. Corp. v Harrison, 122 Misc 2d 799 [1984]). Accordingly, a possessory judgment was properly granted after service of the appropriate termination notices.
We have considered tenant’s other arguments and find them lacking in merit.
Suarez, P.J., Davis and Schoenfeld, JJ., concur.