■ In the Matter of 501 EAST 87TH STREET REALTY COMPANY, L.L.C., Petitioner-Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent-Respondent. [804 NYS2d 20]—

Judgment, Supreme Court, New York County (Harold B. Beeler, J.), entered August 20, 2004, which, inter alia, denied petitioner landlord's application to annul respondent Division of Housing and Community Renewal's (DHCR) determinations finding that a swimming pool and parking garage are required ancillary services, and dismissed the petition, unanimously affirmed, without costs.

DHCR's finding that the swimming pool was provided primarily for the use of tenants in the building, and is therefore a required ancillary service, is rationally supported by evidence that the pool is located on the roof of the building, reached by residential elevators, listed as the first amenity in the rental brochure for the building, made available to tenants at a reduced membership rate, and had a membership consisting of 60% tenants over the relevant period of time. The finding that the parking garage was provided primarily for the use of the tenants in the building, and is therefore a required ancillary service, is rationally supported by evidence that the garage is located beneath the building and was advertised in rental literature as linked to an internal direct-dial communication system connecting the apartments to various locations on the premises. The finding is not rendered irrational by the fact that in recent years an average of 57% of the users of the garage have been nontenants (see Matter of Lyndonville Props. v New York State Div. of Hous. & Community Renewal, 287 AD2d 413 [2001], affg NYLJ, Feb. 23, 2000, at 29, col 2; see generally Matter of Howard v Wyman, 28 NY2d 434, 438 [1971]). The governing provision of law focuses on whether the service was "provided primarily for the use of the tenants," not whether the service was "used primarily by the tenants." Thus, the Commissioner's finding cannot be annulled simply because the percentage of users of the garage fell below 50% in certain years. In view of the foregoing, any error by the IAS court in invoking Multiple Dwelling Law § 60, which was not invoked by DHCR, to sustain the determination with respect to the garage (see Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753, 758 [1991]) was of no consequence. Concur—Tom, J.P., Marlow, Ellerin, Williams and McGuire, JJ.