◾ In the Matter of 110-15 71ST ROAD ASSOCIATES, LLC, Appellant, v DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [863 NYS2d 713]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Division of Housing and Community Renewal dated November 30, 2006, which affirmed a determination of the District Rent Administrator dated June 29, 2006, that the complainant was illegally deprived of ancillary services

in connection with a rent-stabilized housing accommodation when the petitioner denied her the use of a parking space in the garage of the subject apartment building, the petitioner appeals from a judgment of the Supreme Court, Queens County (Grays, J.), entered June 18, 2007, which, in effect, denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, the determination dated November 30, 2006 is annulled, the determination dated June 29, 2006 is vacated, and the administrative complaint is dismissed.

On or about March 31, 1980 a tenant in an apartment building owned by the petitioner rented the subject apartment located at 110-15 71st Road in Forest Hills. The tenant's rent-stabilized lease did not include use of parking facilities in the building.

In or about 1988, the petitioner, as sponsor, converted the building to cooperative ownership. The offering plan noted that there was an indoor garage in the building with 40 parking spaces, rented to both tenants and nontenants. The building contained 74 apartments. The offering plan provided that once the building was converted to cooperative ownership, the board of directors of the cooperative corporation would operate the garage and allocate spaces "not occupied by non-purchasing tenants" on a first-come, first-served basis. However, the offering plan provided that spaces occupied by nonpurchasing tenants "may not be reallocated until such tenants either purchase their apartments or remove from the premises."

At the time the building was converted to cooperative ownership, the tenant was not renting a parking space in the building. About 10 years later, on or about January 1, 1998, the tenant entered into a lease with the petitioner, the latter in its capacity as holder of the unsold shares referable to the tenant's apartment, for a parking space on a "month to month basis only." In September 2005 the tenant was notified that the cooperative corporation did not recognize her lease of the parking space.

On November 29, 2005 the tenant filed an administrative complaint with the New York State Division of Housing and Community Renewal (hereinafter DHCR) seeking a rent reduction, based upon decreased building-wide services, on the ground that she was locked out of her parking space. In reply, the managing agent asserted that the lease for the parking space was a sublease, separate and apart from the lease referable to the apartment. The petitioner, in its later submission to the Supreme Court, explained that the tenant's rent for the apart-

ment was sent to the managing agent for deposit in the cooperative corporation's account, while the rent for the parking space was deposited in the petitioner's account, since the tenant was subleasing the parking space from the petitioner.

The DHCR's District Rent Administrator found that since the tenant rented the parking space from the "sponsor," as holder of the unsold shares, "it is not a sublease." The District Rent Administrator further found that the parking space was an "ancillary service" provided to the rent-stabilized tenant.

On administrative appeal, the Deputy Commissioner of the DHCR affirmed the determination of the District Rent Administrator, citing section 2520.6 (r) (3) of the Rent Stabilization Code (9 NYCRR). That provision defines "required services" to include "ancillary services," including garage facilities provided by the "owner" of a "housing accommodation." The term "owner" is defined in 9 NYCRR 2520.6 (i) as, inter alia, a proprietary lessee of a cooperative apartment or the sponsor of a cooperative corporation. The Deputy Commissioner further found that the question of whether the lease of the parking space to the tenant was a lease or sublease was not relevant, since both the cooperative corporation and the sponsor were required to maintain ancillary services for rent-stabilized tenants.

The petitioner commenced the instant proceeding pursuant to CPLR article 78 to review that determination. The Supreme Court, in the judgment appealed from, in effect, denied the petition and dismissed the proceeding, on the ground that the court's power of review was limited to whether the determination was arbitrary and capricious and without a rational basis, in view of the rule that an administrative agency's interpretation of applicable statutes and regulations "shall be given due deference where such construction is not irrational or unreasonable." However, the determination is supported by neither the undisputed facts nor a rational construction of the relevant statutes, regulations, and case law.

Parking services can be considered an ancillary "building-wide" service subject to rent stabilization "[applicable] to all tenants . . . for whom garage service was provided in connection with the leasing or use of their apartment" (*Matter of Netherland Operating Corp. v Eimicke*, 135 AD2d 352, 353 [1987]; *see Matter of Mariani v Aponte*, 216 AD2d 396 [1995]; *Matter of Sterling Ridge Realty Co. v New York State Div. of Hous. & Community Renewal*, 185 AD2d 354 [1992]). In the instant case, parking was not a building-wide service, since there were 74 apartments in the building but only 40 parking spaces rented to both tenants and nontenants.

At the time the tenant leased her parking space from the petitioner, the cooperative corporation, which is not an "owner" of the tenant's "housing accommodation" within the meaning of the Rent Stabilization Code (9 NYCRR 2520.6 [a], [i]), owned the garage and had assumed control of the building and the responsibility to provide services. The tenant's arrangement with respect to the parking space was in the nature of a sublease from the petitioner, which in turn leased the space from the cooperative corporation.

As correctly noted by the DHCR, the tenant did not satisfy the definition of a "subtenant," as set forth in 9 NYCRR 2520.6 (k), to wit, "[a]ny person lawfully occupying the housing accommodation pursuant to an agreement with the tenant" of record. However, the petitioner is not contending that the tenant is a subtenant with respect to her "housing accommodation"; rather, the sole issue before us is the status of her parking space. Since the rental of the parking space was not part of the tenant's rent-stabilized residential lease, the cooperative corporation had the right to terminate the tenancy in the parking space (*see 420 Riverside Dr. v Ettinger*, 196 Misc 2d 107 [2003]). Skelos, J.P., Miller, Carni and Chambers, JJ., concur.