■ In the Matter of BRUCKNER REALTY LLC, Appellant, v JEANNETTE CRUZ, Respondent. [29 NYS3d 162]—

Order of the Appellate Term, Supreme Court, First Department, entered on or about March 16, 2015, which modified an order of Civil Court, Bronx County (Joseph E. Capella, J.), entered September 4, 2014, to deny the parts of petitioner's summary judgment motion that sought to dismiss respondent's second and third "affirmative defenses" and first and second "defenses" and for summary judgment of possession, unanimously affirmed, without costs.

Since petitioner's first summary judgment motion was made after respondent's deemed general denial, whereas its second such motion was made after her answer, the second motion was not barred by the rule against successive summary judgment motions (*see e.g. Healthcare I.Q., LLC v Tsai Chung Chao*, 118 AD3d 98, 102-103 [1st Dept 2014]).

On the merits, petitioner failed to establish its prima facie case. The fact that the subject building has 142 dwelling units but space for only 56 cars is not determinative (*see Missionary Sisters of Sacred Heart v Meer*, 131 AD2d 393 [1st Dept 1987]). To the extent *Matter of 110-15 71st Rd. Assoc., LLC v Division of Hous. & Community Renewal* (54 AD3d 679, 681 [2d Dept 2008], *lv denied* 12 NY3d 712 [2009]) is to the contrary, we decline to follow it. In this Department, the test of whether a service is a required ancillary service is "whether [it] was provided primarily for the use of the tenants, not whether [it] was used primarily by the tenants" (*Matter of 501 E. 87th St. Realty Co., L.L.C. v New York State Div. of Hous. & Community Renewal*, 22 AD3d 294, 295 [1st Dept 2005] [internal quotation marks omitted]). Concur—Tom, J.P., Renwick, Richter, Kapnick and Webber, JJ.