3505 Broadway, LLC v Emond-Bourhis (2023 NY Slip Op 50137(U))

[*1]

3505 Broadway, LLC v Emond-Bourhis

2023 NY Slip Op 50137(U)

Decided on February 27, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 27, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Tisch, James, JJ.

570537/22

3505 Broadway, LLC, Petitioner-Landlord-Appellant,
against
Chantal Emond-Bourhis, Respondent-Tenant-Respondent, -and- "John Doe" and/or "Jane Doe", Respondents.

Landlord appeals from an order of the Civil Court of the City of New York, New York County (Evon M. Asforis, J.), dated August 12, 2022, which denied its motion for summary judgment of possession in a summary holdover proceeding.

Per Curiam.
Order (Evon M. Asforis, J.), dated August 12, 2022, affirmed, with $10 costs.
Landlord commenced this holdover proceeding based upon allegations that tenant's right to occupy the unregulated apartment expired upon the termination of her monthly tenancy. Tenant's initial pro se answer alleged that the apartment was illegally deregulated and that landlord overcharged her rent. Landlord's first motion for summary judgment, based upon its contention that the apartment is unregulated, was denied by Civil Court on June 11, 2018. That ruling, which landlord did not appeal, also granted tenant leave to serve an amended answer. Insofar as relevant, the amended answer, dated November 9, 2018, repeated tenant's contentions that the apartment was illegally deregulated and that there was a rent overcharge. Landlord's subsequent (October 2019) motion to reargue the substantive issues raised in the June 2018 order was denied by Civil Court on September 18, 2020.
Landlord's most recent motion for summary judgment, dated November 8, 2020, failed to demonstrate the applicability of any exception to the general rule that "[s]uccessive motions for summary judgment should not be entertained" (Jones v 636 Holding Corp., 73 AD3d 409, 409 [2010]; see Pough v Aegis Prop. Servs. Corp., 186 AD2d 52, 53 [1992] ["[A]s a matter of policy, [*2]multiple summary judgment motions are discouraged in the absence of newly discovered evidence or 'other sufficient cause'"]). Here, landlord's successive motion was entirely based on evidence available to it at the time it filed its initial motion (see Phoenix Four v Albertini, 245 AD2d 166 [1997]). From the inception of the proceeding, tenant alleged in her original answer a substantive defense that the apartment at issue was deregulated illegally. Landlord's prior motion based upon its contention that the premises are exempt from regulation, the very same issue landlord now seeks to relitigate in the instant summary judgment motion, was squarely rejected on the merits in landlord's two prior applications (see Matter of CUCS HDFC v Aymes, 191 AD3d 522 [2021]). Contrary to landlord's contention, tenant's service of an amended answer containing additional defenses "did not tender any new issue" with respect to her original defense that the apartment was illegally deregulated, so as to justify a second motion for summary judgment (Levitz v Robbins Music Corp., 17 AD2d 801 [1962]; cf. Armstrong v Peat, Marwick, Mitchell & Co., 150 AD2d 189 [1989][second motion for summary judgment should be entertained if, after a first motion for summary judgment, a new, as yet untested defense is permitted to be added by amendment]; see also Bruckner Realty LLC v Cruz, 139 AD3d 413 [2016], affd 28 NY3d 1138 [2016][second summary judgment motion was proper where original answer contained only a general denial]).
In view of the foregoing, we reach no other issue. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 27, 2023