In an action to recover damages for wrongful death, the appeal is from an order denying appellant’s motion for summary judgment dismissing the complaint based upon the contention that service of process pursuant to sections 17 and 229-b of the Civil Practice Act was ineffective to toll the Statute of Limitations. Order affirmed, with $10 costs and disbursements. No opinion. Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur; Nolan, P. J., concurs, with the following memorandum: I concur, but only for the reason hereinafter stated. We are not concerned on this appeal with the question of jurisdiction over appellant’s person. He has appeared and served an answer. The sole question presented is whether the delivery of the summons to the Sheriff of Rockland County prior to the expiration of the time limited for the commencement of this action (Decedent Estate Law, § 130) was sufficient under section 17 of the Civil Practice Act to extend that time to and including the time of the actual service of process, pursuant to section 229-h. In my opinion, if appellant was a nonresident, and, as he contends, never had a residence in this State, such delivery to the Sheriff was not effective to extend the time within which the action could have been commenced. To have such effect the summons must be delivered to the sheriff of the county within which the defendant or a eodefendant resides or last resided (Civ. Prac. Act, § 17; Maguire v. Yellow Taxicab Corp., 253 App. Div. 249, affd. 278 N. Y. 576). However, the motion which resulted in the order appealed from was not made pursuant to rule 107 of the Rules of Civil Practice, which permits such a motion, within the time thereby limited, on the complaint and an affidavit stating the facts. It was made pursuant to rule 113 which, on *1015 á motion such, as this, requires that the facts supporting the defense relied on must be established by documentary evidence or official record. The facts as to appellant’s residence are not so established in the record presented.