### (January 31, 1973)

■ Novid Contracting Co., Inc., Respondent, v. Depot Construction Corp., Appellant.— In an action by a subcontractor in a building construction against the general contractor to recover upon plaintiff's contract and for an injunction and other relief, defendant appeals from an order of the Supreme Court, Kings County, dated November 21, 1972, which granted plaintiff's motion for a preliminary injunction to the extent of restraining defendant from interfering with plaintiff's presence and performance on the job. Order reversed, with $20 costs and disbursements, and motion denied. In our opinion, Special Term abused its discretion in granting the preliminary injunction. Plaintiff claims that it has duly performed its subcontract but that defendant, in retaliation for the arrest of one of its employees on extortion charges upon plaintiff's complaint, has embarked upon a campaign of harassment calculated to prevent plaintiff from completing its work, including the withholding of moneys due it under the subcontract. Defendant claims that plaintiff's performance has been unsatisfactory from the outset and that it was finally forced to declare plaintiff in default and order it off the job, with which order it has refused to comply. Essentially then, it appears that we are dealing with an alleged breach of contract, for which defendant might be liable in money damages; and there is no real showing that such damages would not constitute an adequate remedy at law. Furthermore, insofar as plaintiff claims injury from defendant's withholding of moneys already due plaintiff under the subcontract, which moneys have allegedly been paid to defendant by the owner for such work, plaintiff has an additional statutory remedy in section 77 of the Lien Law which it, in fact, also asserts in this action. Hopkins, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.

■■■■■■■■■■■■■■■

## Third Department, January, 1973

### (January 3, 1973)

■ In the Matter of John M. Keane, as Surrogate of Broome County, Petitioner.— Application for an order, pursuant to section 89 of the Judiciary Law, directing the destruction of certain records granted. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur.

■■■■■■■■■■■■■■■

### (January 8, 1973)

■ The People of the State of New York ex rel. Floyd La Brake, Petitioner, v. Ceylon E. Allen, as Sheriff of St. Lawrence County, New York, Respondent.— Application for writ of habeas corpus pursuant to CPLR 7002 (subd. [b], par. 2) denied, without costs. In the interests of justice, petition transferred to Supreme Court, Special Term, County of St. Lawrence, for consideration as a petition pursuant to CPLR article 78. Cooke, J. P., Sweeney, Simons, Kane and Reynolds, JJ., concur.

■ The People of the State of New York ex rel. Edwin Tredinnick, Petitioner, v. J. Edwin La Vallee, as Superintendent of Clinton Correctional Facility, Dannemora, New York, Respondent.— Application for writ of habeas corpus pursuant to CPLR 7002 (subd. [b], par. 2) denied as insufficient on its face. Cooke, J. P., Sweeney, Simons, Kane and Reynolds, JJ., concur.