■ ROSA HAIR STYLISTS, INC., Respondent, v JABER FOOD CORP., Doing Business as TRADE FAIR, Appellant. [631 NYS2d 167] —In an action for a permanent injunction, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Lane, J.), dated March 16, 1995, as upon, in effect, granting its motion to vacate a prior order of the same court, dated October 31, 1994, granted the plaintiff a preliminary injunction restraining the defendant from maintaining an addition erected in front of its business premises and from maintaining two automated can redemption machines situated next to the plaintiff's business premises.

Ordered that the order dated March 16, 1995, is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion for a preliminary injunction is denied.

The Supreme Court did not improvidently exercise its discretion when it, in effect, vacated its prior order, which was

entered without opposition. The defendant showed that it did not have actual notice of the plaintiff's motion and it had a meritorious defense (see, CPLR 5015 [a] [1]; *Brown v Long Beach Mem. Hosp.,* 196 AD2d 802; *Robles v Grace Episcopal Church,* 192 AD2d 515). Therefore, the defendant's default was properly excused.

However, the Supreme Court improperly granted the plaintiff's motion for a preliminary injunction which granted mandatory relief. It is well settled that in order to be entitled to a preliminary injunction, a movant must clearly demonstrate (1) a likelihood of ultimate success on the merits, (2) irreparable injury absent granting of the preliminary injunction, and (3) a balancing of the equities in the movant's favor (see, e.g., *Doe v Axelrod,* 73 NY2d 748; *Doe v Poe,* 189 AD2d 132). A mandatory injunction should not be granted, absent extraordinary circumstances, where the status quo would be disturbed and the plaintiff would receive the ultimate relief sought, pendente lite (see, *Bachman v Harrington,* 184 NY 458, 464; *Morgan v New York Racing Assn.,* 72 AD2d 740, 741; *Ash v Holdeman,* 5 AD2d 1017, 1018). The plaintiff has failed to satisfy its heavy burden of proving a clear right to mandatory injunctive relief, which, in effect, would grant the plaintiff the ultimate relief requested. The record reveals many unresolved issues, and therefore it cannot be determined whether there is a likelihood that the plaintiff will succeed on the merits (see, *Anastasi v Majopon Realty Corp.,* 181 AD2d 706). Similarly, the plaintiff failed to submit sufficient proof to show that it would suffer irreparable injury absent the granting of this preliminary injunction (see, *Kurzban & Son v Board of Educ.,* 129 AD2d 756; *L & J Roost v Department of Consumer Affairs,* 128 AD2d 677). The circumstances presented in this case are not of such an extraordinary nature so as to warrant mandatory relief (see, *Bachman v Harrington, supra; Morgan v New York Racing Assn., supra; Ash v Holdeman, supra*). Copertino, J. P., Santucci, Altman and Friedmann, JJ., concur.