■ JOANNE MACINTYRE et al., Respondents, v METROPOLITAN LIFE INSURANCE COMPANY, Appellant. [634 NYS2d 180] —In an action, *inter alia,* for a judgment declaring that the defendants are required to pay the cost of treating the plaintiff Joanne MacIntyre for chronic Lyme disease, the defendant appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated May 2, 1994, which, after a hearing, granted the plaintiffs' motion for a preliminary injunction enjoining the appellant from denying payment for the treatment proposed by the plaintiff Joanne MacIntyre's doctor.

Ordered that the order is reversed, without costs or disbursements, and the plaintiffs' motion for a preliminary injunction is denied.

It is well settled that in order to be entitled to a preliminary injunction, a movant must clearly demonstrate (1) the likelihood of ultimate success on the merits, (2) irreparable injury absent a granting of the preliminary injunction, and (3) a balancing of the equities in the movant's favor *(see, e.g., Doe v Axelrod,* 73 NY2d 748; *Doe v Poe,* 189 AD2d 132). A preliminary injunction should not be granted, absent extraordinary circumstances, if the status quo would be disturbed and the plaintiff would thereby receive the ultimate relief requested *(see, Bachman v Harrington,* 184 NY 458, 464; *Rosa Hair Stylists v Jaber Food Corp.,* 218 AD2d 793; *Morgan v New York Racing Assn.,* 72 AD2d 740, 741; *Ash v Holdeman,* 5 AD2d 1017, 1018). When, as here, there are sharply contested issues of fact that can only be determined at trial, the plaintiffs have failed to satisfy their heavy burden of proving a clear right to preliminary injunctive relief, which, in effect, would grant the plaintiffs the ultimate relief that they request *(see, Merrill Lynch Realty Assocs. v Burr,* 140 AD2d 589, 593; *Zurich Depository Corp. v Gilenson,* 121 AD2d 443; *Family Affair Haircutters v Detling,* 110 AD2d 745). Balletta, J. P., Ritter, Copertino and Pizzuto, JJ., concur.