■ HENRY HOEFFNER, Appellant, v JOHN F. FRANK, INC., et al., Respondents. [756 NYS2d 63] —In an action to enjoin the

obstruction of an easement, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Henry, J.), entered July 3, 2001, which, upon an order of the same court dated May 23, 2001, denying his motion for a preliminary injunction and, sua sponte, directing the dismissal of the complaint, dismissed the complaint.

Ordered that the judgment is reversed, on the law, with costs, the complaint is reinstated, the order is modified accordingly, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

The plaintiff is the owner of a single-family dwelling located on 744 Old Nichols Road in Islandia. From the time the plaintiff purchased his property in April 1997 he has used, as a means of ingress and egress, a "right of way" easement approximately 10 feet in width over the property at 2140 Motor Parkway in Islandia, which is owned by the defendant John N. Frank, Inc., leased to the defendant Southland Corporation, and operated by the defendant Wayne P. Schlack as a 7-Eleven store.

The plaintiff alleges that the defendants have allowed customers' vehicles and its delivery trucks to obstruct his easement. The defendants claim that by erecting "No Parking" signs and painting "No Parking" in yellow on the ground of the easement, they have fulfilled their obligation to the plaintiff.

The plaintiff brought this action to enjoin the obstruction of the easement. He then moved for a preliminary injunction. After visiting the site and conducting settlement conferences, the Supreme Court denied the plaintiff's motion for a preliminary injunction and, sua sponte, directed dismissal of the plaintiff's complaint. The Supreme Court concluded that the only solution it could "conjure" was to direct the defendants to hire someone to stand in the parking lot to keep access to the plaintiff's easement unobstructed. The court considered this to be too burdensome to the defendants and dismissed the plaintiff's complaint. The plaintiff appeals.

The Supreme Court properly denied the plaintiff's motion for a preliminary injunction. A preliminary injunction will not be granted unless the moving party first establishes (1) a likelihood of ultimate success on the merits, (2) that irreparable injury will occur absent a preliminary injunction, and (3) a balancing of the equities in favor of the movant (see CPLR 6301; Aetna Ins. Co. v Capasso, 75 NY2d 860; Grant Co. v Srogi, 52 NY2d 496; NCN Co. v Cavanagh, 215 AD2d 737). Moreover, "preliminary injunctive relief is a drastic remedy which will not be granted 'unless a clear right thereto is

established under the law and the undisputed facts upon the moving papers, and the burden of showing an undisputed right rests upon the movant'" (*Peterson v Corbin,* 275 AD2d 35, 37, quoting *Nalitt v City of New York,* 138 AD2d 580, 581; *see First Natl. Bank of Downsville v Highland Hardwoods,* 98 AD2d 924, 926). Applying these principles to the instant case, the record is insufficient to support such a finding.

However, the Supreme Court incorrectly dismissed the complaint on the merits in the absence of an application for such relief or notice to the parties (*see Guggenheimer v Ginzburg,* 43 NY2d 268; *Sena v Nationwide Mut. Fire Ins. Co.,* 198 AD2d 345; *Gibbs v Kinsey,* 120 AD2d 701). Here, the plaintiff may have made different offers of proof to defeat a summary judgment motion if the defendants had so moved or if the Supreme Court had advised the plaintiff that it intended to consider such relief (*see Sena v Nationwide Mut. Fire Ins. Co., supra*; *Ressis v Mactye,* 98 AD2d 836).

The owner of the dominant estate—the easement holder— acquires or is granted a right to use another person's land in a particular, though limited, way. The grant carries with it those rights necessary to effectuate the easement's exercise and enjoyment (*see Bliss v Greeley,* 45 NY 671; *Sutera v Go Jokir, Inc.,* 86 F3d 298). The plaintiff alleges that he is being deprived of access to his easement despite the defendants' efforts. The issue of whether the parking of vehicles in the easement is an intrusion of a de minimis nature should be resolved at trial (*see Noll v Weinman,* 253 AD2d 742), as should the issue of what reasonable means, if any, are available to enforce the plaintiff's use of the easement if the intrusion is not de minimis (*see Lewis v Young,* 92 NY2d 443). Prudenti, P.J., Florio, Friedmann and Adams, JJ., concur.