■ JOYCE ZOLLER et al., Appellants, v HSBC MORTGAGE CORPORATION (USA), Respondent. [24 NYS3d 168]—

In an action, inter alia, to recover damages for injury to property and injunctive relief, the plaintiffs appeal from an order of the Supreme Court, Queens County (Raffaele, J.), entered March 21, 2014, which denied their motion for preliminary mandatory injunctive relief.

Ordered that the order is affirmed, with costs.

The defendant became the owner of the subject real property in January 2011 when it acquired the subject property at a foreclosure sale conducted in an action it had commenced to foreclose its junior mortgage. The plaintiffs, who lived next door to the subject property, commenced this action, inter alia, for an injunction requiring the defendant to remediate certain conditions at the subject property. Simultaneously, the plaintiffs moved for a preliminary mandatory injunction requiring the defendant to remediate the conditions immediately. The Supreme Court denied the motion.

The Supreme Court erred in concluding that the defendant lacked responsibility or authority to remediate the alleged conditions on the subject property because the holder of the

first mortgage on the subject property had obtained a judgment of foreclosure and sale. Inasmuch as no sale had occurred in the action to foreclose the first mortgage, the defendant remained the owner of the subject property (*see Nutt v Cuming*, 155 NY 309, 313 [1898]; *Forbes v Aaron*, 81 AD3d 876, 877 [2011]; *Bethel United Pentecostal Church v Westbury 55 Realty Corp.*, 304 AD2d 689, 692-693 [2003]).

Nevertheless, the Supreme Court providently exercised its discretion in denying the plaintiffs' motion. To obtain a preliminary injunction, the moving party must establish, by clear and convincing evidence, (1) a likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) that the equities balance in his or her favor (*see* CPLR 6301; *Matter of Armanida Realty Corp. v Town of Oyster Bay*, 126 AD3d 894 [2015]; *M.H. Mandelbaum Orthotic & Prosthetic Servs., Inc. v Werner*, 126 AD3d 859, 860 [2015]; *Mangar v Deosaran*, 121 AD3d 650 [2014]). "The decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court" (*Matter of Armanida Realty Corp. v Town of Oyster Bay*, 126 AD3d at 894-895 [internal quotation marks omitted]; *see Doe v Axelrod*, 73 NY2d 748, 750 [1988]). "[A]bsent extraordinary circumstances, a preliminary injunction will not issue where to do so would grant the movant the ultimate relief to which he or she would be entitled in a final judgment" (*SHS Baisley, LLC v Res Land, Inc.*, 18 AD3d 727, 728 [2005]; *see Board of Mgrs. of Wharfside Condominium v Nehrich*, 73 AD3d 822, 824 [2010]).

"A mandatory injunction, which is used to compel the performance of an act, is an extraordinary and drastic remedy which is rarely granted and then only under unusual circumstances where such relief is essential to maintain the status quo pending trial of the action" (*Matos v City of New York*, 21 AD3d 936, 937 [2005] [citation omitted]; *see Village of Westhampton Beach v Cayea*, 38 AD3d 760, 762 [2007]; *Rosa Hair Stylists v Jaber Food Corp.*, 218 AD2d 793, 794 [1995]).

Here, the plaintiffs failed to demonstrate that the circumstances were of such an extraordinary nature as to warrant mandatory injunctive relief pending the resolution of the action (*see Board of Mgrs. of Wharfside Condominium v Nehrich*, 73 AD3d at 824; *Matos v City of New York*, 21 AD3d at 937).

The parties' remaining contentions are without merit or need not be reached in light of our determination. Leventhal, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.