■ CHASE HOME FINANCE, LLC, Respondent, v VINCENT CARTELLI et al., Defendants, and STEPHEN SEEKIRCHER, Appellant. HYSEN MEHMETAJ, Nonparty Respondent. [32 NYS3d 515]—

In an action to foreclose a mortgage, the defendant Stephen Seekircher appeals from an order of the Supreme Court, Westchester County (DiBella, J.), entered April 8, 2015, which denied his motion to preliminarily enjoin the plaintiff from taking any action to vacate or remove him from the subject premises.

Ordered that the order is affirmed, with costs to the nonparty respondent.

To obtain a preliminary injunction, the moving party must

establish, by clear and convincing evidence, (1) a likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) that the equities balance in his or her favor (*see Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839, 840 [2005]; *Zoller v HSBC Mtge. Corp. [USA]*, 135 AD3d 932, 933 [2016]; *Matter of Armanida Realty Corp. v Town of Oyster Bay*, 126 AD3d 894 [2015]; *M.H. Mandelbaum Orthotic & Prosthetic Servs., Inc. v Werner*, 126 AD3d 859, 860 [2015]). "The decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court" (*Matter of Armanida Realty Corp. v Town of Oyster Bay*, 126 AD3d at 894-895 [internal quotation marks omitted]; *see Doe v Axelrod*, 73 NY2d 748, 750 [1988]). Here, the appellant failed to make the requisite showing. Accordingly, the Supreme Court providently exercised its discretion in denying his motion to preliminarily enjoin the plaintiff from taking any action to vacate or remove him from the subject premises. Rivera, J.P., Roman, Maltese and Duffy, JJ., concur.