■ SOUNDVIEW CINEMAS, INC., Respondent, v AC I SOUNDVIEW, LLC, by WAYNE H. WINK, JR., ESQ., as Receiver, Defendant, and LBUBS 2007-C7 SHORE ROAD, LLC, Appellant. [53 NYS3d 157]—

In an action, inter alia, to recover damages for breach of a commercial lease, the defendant LBUBS 2007-C7 Shore Road, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered February 3, 2015, as granted that branch of the plaintiff's motion which was pursuant to CPLR 6301 to preliminarily enjoin

it from terminating the subject lease, and directed the plaintiff to pay rent in the reduced sum of $10,000 per month in lieu of the full amount of rent due under the lease from January 2015 until final resolution of the action.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, that branch of the plaintiff's motion which was pursuant to CPLR 6301 to preliminarily enjoin the defendant LBUBS 2007-C7 Shore Road, LLC, from terminating the subject lease is denied, and the provision directing the plaintiff to pay rent in the reduced sum of $10,000 per month in lieu of the full amount of rent due under the lease from January 2015 until final resolution of the action is vacated.

The plaintiff operates a multiplex movie theater in a shopping center located in Port Washington, known as the Soundview Marketplace. The plaintiff alleges that prior to taking occupancy of the premises in March 2013, it expended more than $750,000 on renovations. As a means of reimbursing the plaintiff for its renovation costs, the plaintiff's lease with its landlord, the defendant LBUBS 2007-C7 Shore Road, LLC (hereinafter LBUBS), permitted the plaintiff to occupy the premises for a period of approximately 10 months without paying rent. After the expiration of the rent abatement period on January 31, 2014, the lease required the plaintiff to pay a base rent of $20,049.17 per month, plus certain additional costs. Approximately two months after the expiration of the rent abatement period, the plaintiff commenced this action against both LBUBS and the prior owner of the premises alleging, inter alia, that they had breached the lease by delivering the premises with an inoperative and dilapidated HVAC system, and by failing to repair leaks in the roof of the premises which had caused flooding.

On June 6, 2014, after the plaintiff failed to remit rent payments due under the lease, LBUBS served the plaintiff with a notice of termination effective June 13, 2014. On June 9, 2014, the Supreme Court issued a temporary restraining order enjoining LBUBS from terminating the lease for 45 days, and directing LBUBS, in essence, to resolve problems related to the HVAC system and roof leaks. Prior to the expiration of the temporary restraining order, the plaintiff moved, inter alia, pursuant to CPLR 6301 for a preliminary injunction staying the termination of the lease. In support of the motion, the plaintiff's principal alleged that the plaintiff had suffered a "significant loss of business" as a result of problems caused, inter alia, by the malfunctioning HVAC system, and that "[a]ny

inability" to pay rent was due to the defendants' breach of the lease. In the order appealed from, the Supreme Court granted that branch of the plaintiff's motion, and further directed the plaintiff to pay rent in the reduced sum of $10,000 per month in lieu of the full amount of rent due under the subject lease from January 2015 until final resolution of the action. LBUBS appeals.

Although the purpose of a preliminary injunction is to preserve the status quo pending a trial, the remedy is considered a drastic one, which should be used sparingly (see Matter of Armanida Realty Corp. v Town of Oyster Bay, 126 AD3d 894 [2015]; Trump on the Ocean, LLC v Ash, 81 AD3d 713, 715 [2011]; McLaughlin, Piven, Vogel v Nolan & Co., 114 AD2d 165, 172 [1986]). As a general rule, the decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court (see Doe v Axelrod, 73 NY2d 748, 750 [1988]; Chase Home Fin., LLC v Cartelli, 140 AD3d 911 [2016]; Matter of Armanida Realty Corp. v Town of Oyster Bay, 126 AD3d 894 [2015]). In exercising that discretion, the Supreme Court must determine if the moving party has established: (1) a likelihood of success on the merits, (2) irreparable harm in the absence of an injunction, and (3) a balance of the equities in favor of the injunction (see Aetna Ins. Co. v Capasso, 75 NY2d 860, 862 [1990]; W.T. Grant Co. v Srogi, 52 NY2d 496, 517 [1981]; Trump on the Ocean, LLC v Ash, 81 AD3d at 715).

Furthermore, "[t]he obligation of a commercial tenant to pay rent is not suspended if the tenant remains in possession of the leased premises, even if the landlord fails to provide essential services" (Westchester County Indus. Dev. Agency v Morris Indus. Bldrs., 278 AD2d 232, 232 [2000]; see Prakhin v Fulton Towers Realty Corp., 122 AD3d 601, 603 [2014]; but see 34-35th Corp. v 1-10 Indus. Assoc., LLC, 16 AD3d 579, 580 [2005]). Before a tenant may withhold rent, the tenant must prove actual or constructive eviction (see Prakhin v Fulton Towers Realty Corp., 122 AD3d at 603; 34-35th Corp. v 1-10 Indus. Assoc., LLC, 16 AD3d at 580; Westchester County Indus. Dev. Agency v Morris Indus. Bldrs., 278 AD2d at 232).

Applying these principles here, we find that the Supreme Court improvidently exercised its discretion in granting the plaintiff preliminary injunctive relief staying termination of the lease, and in further directing the plaintiff to pay rent in the reduced sum of $10,000 per month in lieu of the full amount of rent due under the lease. Although the plaintiff may ultimately be successful on the merits, it failed to establish

that it would suffer irreparable harm or that the balance of the equities favor an injunction since its alleged damages are compensable in money damages and capable of calculation (*see Trump on the Ocean, LLC v Ash*, 81 AD3d at 716). Moreover, the plaintiff's vague and conclusory allegations regarding its inability to pay the full rent under the lease were insufficient to establish irreparable injury (*see id.*). Furthermore, the court went beyond preserving the status quo, which is the essence of a preliminary injunction, and impermissibly rewrote the terms of the lease by directing that the plaintiff be permitted to pay only part of the rent due under the lease while it continued to occupy the premises (*see Board of Mgrs. of the Britton Condominium v C.H.P.Y. Realty Assoc.*, 101 AD3d 917, 919 [2012]; *306 Rutledge, LLC v City of New York*, 90 AD3d 1026, 1028 [2011]; *Trump on the Ocean, LLC v Ash*, 81 AD3d at 717).

Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was pursuant to CPLR 6301 to preliminarily enjoin LBUBS from terminating the lease, and should not have directed the plaintiff to pay rent in the reduced sum of $10,000 per month in lieu of the full amount of rent due under the lease from January 2015 until final resolution of the action. Eng, P.J., Hall, Roman and Hinds-Radix, JJ., concur.