Emanuel Mizrahi, DDS, P.C. v Angela Andretta, DMD, P.C. (2019 NY Slip Op 02315)





Emanuel Mizrahi, DDS, P.C. v Angela Andretta, DMD, P.C.


2019 NY Slip Op 02315


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2018-00317
 (Index No. 12974/15)

[*1]Emanuel Mizrahi, DDS, P.C., respondent,
v
Angela Andretta, DMD, P.C., et al., appellants.


Reisman Peirez Reisman & Capobianco LLP, Garden City, NY (Joseph Capobianco of counsel), for appellants.
Law Offices of David A. Day, P.C., Glen Cove, NY, for respondent.



DECISION & ORDER
In an action, inter alia, for injunctive relief and to recover damages for trademark infringement and unfair competition, the defendants appeal from an order of the Supreme Court, Queens County (Cheree A. Buggs, J.), entered November 16, 2017. The order, insofar as appealed from, denied the defendants' cross motion pursuant to CPLR 3211(a)(7) to dismiss the first cause of action in its entirety and to dismiss the remainder of the complaint insofar as asserted against the defendants Angela Andretta and Michael H. Rogrow, and, sua sponte, granted preliminary injunctive relief to the plaintiff.
ORDERED that on the Court's own motion, the notice of appeal is deemed an application for leave to appeal from so much of the order as sua sponte granted preliminary injunctive relief to the plaintiff, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting that provision awarding the plaintiff preliminary injunctive relief; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff is an orthodontic professional corporation located in Forest Hills, Queens, doing business as "Forest Hills Orthodontic Associates." The defendant Angela Andretta, DMD, P.C. (hereinafter the corporate defendant), is also an orthodontic professional corporation located in Forest Hills, Queens, doing business as "Forest Hills Orthodontics." The defendants Angela Andretta and Michael H. Rogrow (hereinafter together the individual defendants) are or were the sole principals of the corporate defendant.
The plaintiff commenced this action against the defendants, alleging that the defendants injured the plaintiff by using the Forest Hills Orthodontics trade name. The complaint asserted four causes of action against each of the defendants: trademark infringement under the Lanham Act (see 15 USC § 1125[a][1]), trademark dilution (see GBL § 360-l), common-law trademark infringement, and common-law unfair competition. The plaintiff moved for summary judgment on the issue of liability on its first and second causes of action and, inter alia, sought permanent injunctive relief in the form of an order prohibiting the defendants from, among other things, using the Forest Hills Orthodontics trade name, including the internet domain name [*2]"foresthillsorthodontics.com." The defendants opposed the motion and cross-moved pursuant to CPLR 3211(a)(7) to dismiss the first cause of action in its entirety and to dismiss the remainder of the complaint insofar as asserted against the individual defendants. By order dated November 8, 2017, the Supreme Court denied the plaintiff's motion for summary judgment and denied the defendants' cross motion to dismiss. The court also, sua sponte, preliminarily enjoined the defendants from using the "Forest Hills Orthodontics" trade name, including the internet domain name. The defendants appeal. We modify the order to vacate the award of preliminary injunctive relief.
We agree with the Supreme Court's denial of the defendants' cross motion to dismiss. "On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (T. Mina Supply, Inc. v Clemente Bros. Contr. Corp., 139 AD3d 1040, 1041; see Leon v Martinez, 84 NY2d 83, 87-88; Sasidharan v Piverger, 145 AD3d 814, 815; Out of Box Promotions, LLC v Koschitzki, 55 AD3d 575, 577). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Rabos v R & R Bagels & Bakery, Inc., 100 AD3d 849, 851-852; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275).
We agree with the Supreme Court's denial of that branch of the defendants' cross motion which was to dismiss the first cause of action, as the requisite connection between the plaintiff's business and interstate commerce was established to support the plaintiff's cause of action for trademark infringement under the Lanham Act (see Rush v Hillside Buffalo, LLC, 314 F Supp 3d 477, 482-483 [WD NY]; C=Holdings B.V. v Asiarim Corp., 992 F Supp 2d 223, 240 [SD NY]; Freedom Calls Found. v Bukstel, 2006 WL 845509, *4-5, 2006 US Dist LEXIS 19685, *17-18 [ED NY No. 05-CV-5460 SJ VVP]; Planned Parenthood Fedn. of Am., Inc. v Bucci, 1997 WL 133313, *3, *3 n 7, 1997 US Dist LEXIS 3338, *12 n 7 [SD NY No. 97 Civ. 0629 (KMW)], affd 152 F3d 920 [2d Cir]).
We also agree with the denial of that branch of the defendants' cross motion which was to dismiss the complaint insofar as asserted against the individual defendants, since " a corporate officer who participates in the commission of a tort may be held individually liable, regardless of whether the officer acted on behalf of the corporation in the course of official duties and regardless of whether the corporate veil is pierced'" (Rajeev Sindhwani, M.D., PLLC v Coe Bus. Serv., Inc., 52 AD3d 674, 677, quoting American Express Travel Related Servs. Co. v North Atl. Resources, 261 AD2d 310, 311; see Chanel, Inc. v Italian Activewear of Fla., Inc., 931 F2d 1472, 1477 [11th Cir] [natural persons can be liable under the Lanham Act where they "actively and knowingly caused the infringement"]). Here, contrary to the defendants' arguments, the complaint did not purport to hold the individual defendants liable for the corporate defendant's allegedly wrongful conduct by virtue of their status as its principals. Rather, the complaint sought to hold them individually liable for committing the alleged wrongs, and as such, dismissal was not required simply because the plaintiff failed to plead facts sufficient to pierce the corporate veil (see North Shore Architectural Stone, Inc. v American Artisan Constr., Inc., 153 AD3d 1420, 1421-1422; PDK Labs, Inc. v G.M.G. Trans W. Corp., 101 AD3d 970, 973-974; Greenway Plaza Off. Park-1 v Metro Constr. Servs., 4 AD3d 328, 329-330).
Nevertheless, the Supreme Court should not have exercised its discretion in awarding injunctive relief to the plaintiff. That relief was not specifically requested in the motion for summary judgment. The granting of such relief sua sponte is appealable only by permission (see CPLR 5701[a][2], [c]); thus, we exercise our discretion to grant leave to appeal from that portion of the order which granted preliminary injunctive relief.
Turning to the merits, " [p]reliminary injunctive relief is a drastic remedy which will [*3]not be granted unless a clear right thereto is established under the law and the undisputed facts upon the moving papers, and the burden of showing an undisputed right rests upon the movant'" (Saran v Chelsea GCA Realty Partnership, L.P., 148 AD3d 1197, 1199, quoting Hoeffner v John F. Frank, Inc., 302 AD2d 428, 429-430; see Soundview Cinemas, Inc. v AC I Soundview, LLC, 149 AD3d 1121, 1123; Matter of Armanida Realty Corp. v Town of Oyster Bay, 126 AD3d 894, 894-895). "As a general rule, the decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court" (Soundview Cinemas, Inc. v AC I Soundview, LLC, 149 AD3d at 1123; see Doe v Axelrod, 73 NY2d 748, 750; Chase Home Fin., LLC v Cartelli, 140 AD3d 911, 912). "In exercising that discretion, the Supreme Court must determine if the moving party has established: (1) a likelihood of success on the merits, (2) irreparable harm in the absence of an injunction, and (3) a balance of the equities in favor of the injunction" (Soundview Cinemas, Inc. v AC I Soundview, LLC, 149 AD3d at 1123; see Aetna Ins. Co. v Capasso, 75 NY2d 860, 862; Trump on the Ocean, LLC v Ash, 81 AD3d 713, 715). " [A]bsent extraordinary circumstances, a preliminary injunction will not issue where to do so would grant the movant the ultimate relief to which he or she would be entitled in a final judgment'" (Zoller v HSBC Mtge. Corp [USA], 135 AD3d 932, 933, quoting SHS Baisley, LLC v Res Land, Inc., 18 AD3d 727, 728; see Rosa Hair Stylists, Inc. v Jaber Food Corp., 218 AD2d 793, 794).
Here, the plaintiff moved for summary judgment on the issue of liability on its first two causes of action and tendered proof relating to its entitlement to the ultimate relief it sought. The plaintiff did not request a preliminary injunction, and as such, it did not make arguments or proffer any evidence relevant to irreparable injury or a balancing of the equities. In response, the defendants cross-moved to dismiss the complaint to the extent discussed above. Again, the defendants' arguments and evidence spoke to the merits of the plaintiff's action rather than the distinct question of whether the plaintiff was entitled to preliminary injunctive relief. Indeed, contrary to the Supreme Court's determination, the record in this case lacks evidence establishing, among other things, irreparable harm or extraordinary circumstances warranting a preliminary injunction that would, in effect, depart from the status quo and grant the plaintiff its ultimate relief (see 276-8 Pizza Corp. v Free, 118 AD3d 591, 592-593; Board of Mgrs. of the Britton Condominium v C.H.P.Y. Realty Assoc., 101 AD3d 917, 919; Matter of Fireman's Assn. of State of N.Y. v French Am. School of N.Y., 41 AD3d 925, 928). The evidence at this stage further fails to demonstrate that the plaintiff possesses a likelihood of success on the merits (see Neos v Lacey, 291 AD2d 434, 435). The court therefore improvidently exercised its discretion in sua sponte awarding preliminary injunctive relief to the plaintiff.
MASTRO, J.P., AUSTIN, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court