Shake Shack Fulton St. Brooklyn, LLC v Allied Prop. Group, LLC (2019 NY Slip Op 08438)





Shake Shack Fulton St. Brooklyn, LLC v Allied Prop. Group, LLC


2019 NY Slip Op 08438


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-02602
 (Index No. 500424/18)

[*1]Shake Shack Fulton Street Brooklyn, LLC, respondent,
v
Allied Property Group, LLC, appellant.


Akerman LLP, New York, NY (Joshua D. Bernstein, Jeffrey Kimmel, and Matthew R. DiBlasi of counsel), for appellant.
Rivkin Radler, LLP, New York, NY (Jeremy Honig of counsel), for respondent.



DECISION & ORDER
In an action for declaratory and injunctive relief, the defendant appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated February 15, 2018. The order granted the plaintiff's motion pursuant to CPLR 6301 to preliminarily enjoin the defendant from demolishing and/or removing a certain sidewalk café structure and from "withholding or revoking its consent to a permit to be issued by the City of New York Department of Consumer Affairs ( DCA') for [the plaintiff] to continue to maintain and use the [subject] Café, in conjunction with its restaurant in the Demised Premises," and directing the defendant "to execute a consent to the continuation of the license issued by the DCA to use and maintain the [subject] Café."
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were to preliminarily enjoin the defendant from "withholding or revoking its consent to a permit to be issued by the City of New York Department of Consumer Affairs ( DCA') for [the plaintiff] to continue to maintain and use the [subject] Café, in conjunction with its restaurant in the Demised Premises," and directing the defendant "to execute a consent to the continuation of the license issued by the DCA to use and maintain the [subject] Café," and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed, with costs payable to the defendant.
Pursuant to a lease dated July 30, 2010, the plaintiff tenant leased from the defendant landlord the premises consisting of a portion of the ground floor and basement of the building located at 409 Fulton Street in Brooklyn, for a 20-year term, plus two 5-year renewal options. The plaintiff operates a Shake Shack restaurant at the premises and the adjoining sidewalk café. In February 2011, at the plaintiff's request, the defendant executed a New York City Department of Consumer Affairs (hereinafter DCA) form entitled "Landowner's Consent to Operate a Sidewalk Café" as part of the plaintiff's application to the DCA for a permit to renovate and operate a sidewalk café on the City-owned sidewalk adjacent to the premises. In May 2015, relying on the consent form previously executed by the defendant in February 2011, the plaintiff petitioned the DCA for consent to continue to maintain and use the sidewalk café. On May 12, 2015, the plaintiff and the DCA entered into an Enclosed Sidewalk Café Revocable Consent Agreement (hereinafter 2015 Consent Agreement) permitting the plaintiff to continue to maintain and use the sidewalk café for an additional two years. Subsequently, because the plaintiff failed to timely petition the DCA for [*2]renewal of the term of the 2015 Consent Agreement, the plaintiff was required to submit a new DCA consent form from the defendant before the DCA would renew the plaintiff's license. In response to the plaintiff's request that the defendant sign a form consenting to the continued operation of the sidewalk café in order to enable the plaintiff to renew its license, the defendant notified the plaintiff that it had "elected not to consent to [the plaintiff's] further use of the enclosed sidewalk seating area . . . adjacent to the Premises."
Thereafter, the plaintiff commenced this action seeking a judgment declaring, inter alia, that the defendant must execute any and all consents, permits, and applications or any like documents which are required in order for the plaintiff to obtain permission from the City to operate a sidewalk café adjacent to the demised premises on property owned by the City. The complaint also seeks to permanently enjoin the defendant from revoking its consent to the plaintiff's operation of the sidewalk café and interfering with the plaintiff's use of the demised premises.
Contemporaneous with the filing of the complaint, the plaintiff moved by order to show cause to preliminarily enjoin the defendant from demolishing and/or removing the sidewalk café and from "withholding or revoking its consent to a permit to be issued by the [DCA] for [the plaintiff] to continue to maintain and use the [subject] Café, in conjunction with its restaurant in the Demised Premises," and directing the defendant "to execute a consent to the continuation of the license issued by the DCA to use and maintain the [subject] Café." The defendant opposed the motion. By order dated February 15, 2018, the Supreme Court granted the plaintiff's motion. The defendant appeals.
By decision and order on motion dated March 23, 2018, this Court granted the defendant's motion to stay enforcement of the order dated February 15, 2018.
" Preliminary injunctive relief is a drastic remedy which will not be granted unless a clear right thereto is established under the law and the undisputed facts upon the moving papers, and the burden of showing an undisputed right rests upon the movant'" (Saran v Chelsea GCA Realty Partnership, L.P., 148 AD3d 1197, 1199, quoting Hoeffner v John F. Frank, Inc., 302 AD2d 428, 429-430; see Soundview Cinemas, Inc. v AC I Soundview, LLC, 149 AD3d 1121, 1123; Matter of Armanida Realty Corp. v Town of Oyster Bay, 126 AD3d 894, 894-895). "A court evaluating a motion for a preliminary injunction must be mindful that [t]he purpose of a preliminary injunction is to maintain the status quo, not to determine the ultimate rights of the parties'" (Masjid Usman, Inc. v Beech 140, LLC, 68 AD3d 942, 942, quoting Matter of Wheaton/TMW Fourth Ave., LP v New York City Dept. of Bldgs., 65 AD3d 1051, 1052). "As a general rule, the decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court" (Soundview Cinemas, Inc. v AC I Soundview, LLC, 149 AD3d at 1123; see Doe v Axelrod, 73 NY2d 748, 750; Chase Home Fin., LLC v Cartelli, 140 AD3d 911, 912). " In exercising that discretion, the Supreme Court must determine if the moving party has established: (1) a likelihood of success on the merits, (2) irreparable harm in the absence of an injunction, and (3) a balance of the equities in favor of the injunction" (Soundview Cinemas, Inc. v AC I Soundview, LLC, 149 AD3d at 1123; see Aetna Ins. Co. v Capasso, 75 NY2d 860, 862; Emanuel Mizrahi, DDS, P.C. v Angela Andretta, DMD, P.C., 170 AD3d 1120, 1123; Trump on the Ocean, LLC v Ash, 81 AD3d 713, 715). " [A]bsent extraordinary circumstances, a preliminary injunction will not issue where to do so would grant the movant the ultimate relief to which he or she would be entitled in a final judgment'" (Zoller v HSBC Mtge. Corp. [USA], 135 AD3d 932, 933, quoting SHS Baisley, LLC v Res Land, Inc., 18 AD3d 727, 728; see Emanuel Mizrahi, DDS, P.C. v Angela Andretta, DMD, P.C., 170 AD3d at 1123; Rosa Hair Stylists v Jaber Food Corp., 218 AD2d 793, 794). "A mandatory injunction, which is used to compel the performance of an act, is an extraordinary and drastic remedy which is rarely granted and then only under unusual circumstances where such relief is essential to maintain the status quo pending trial of the action" (Matos v City of New York, 21 AD3d 936, 937; see Zoller v HSBC Mtge. Corp. [USA], 135 AD3d at 933; Second on Second Café, Inc. v Hing Sing Trading, Inc., 66 AD3d 255, 264; Village of Westhampton Beach v Cayea, 38 AD3d 760, 762; Rosa Hair Stylists v Jaber Food Corp., 218 AD2d at 794).
The Supreme Court improvidently exercised its discretion in granting those branches [*3]of the plaintiff's motion which were to preliminarily enjoin the defendant from "withholding or revoking its consent to a permit to be issued by the City of New York Department of Consumer Affairs ( DCA') for [the plaintiff] to continue to maintain and use the [subject] Café, in conjunction with its restaurant in the Demised Premises," and directing the defendant to execute "a consent to the continuation of the license issued by the DCA to use and maintain the [subject] Café." By granting the aforesaid relief, the court granted the plaintiff a portion of the ultimate relief it sought in the complaint. Rather than maintaining the status quo, the grant of this relief effectively altered the status quo (see Matter of Wheaton/TMW Fourth Ave., LP v New York City Dept. of Bldgs., 65 AD3d at 1052). Moreover, the plaintiff failed to demonstrate that the circumstances were of such an extraordinary nature to justify this relief that was granted pending the resolution of the action (see Zoller v HSBC Mtge. Corp. [USA], 135 AD3d at 933; Rosa Hair Stylists v Jaber Food Corp., 218 AD2d at 794). The record reveals disputed and unresolved issues with regard to whether the plaintiff will succeed on the merits, including whether the parties intended for the lease to provide for the use of the sidewalk, whether the use of the sidewalk café was intended to be temporary, and whether the parties knew that the plaintiff intended to renovate the sidewalk café. Under these circumstances, the drastic relief awarded was not warranted (see Rosa Hair Stylists v Jaber Food Corp., 218 AD2d at 794).
The Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was to preliminarily enjoin the defendant from demolishing and/or removing a certain sidewalk café structure. Under these circumstances, the equities lie in favor of preserving the status quo (see Masjid Usman, Inc. v Beech 140, LLC, 68 AD3d at 942; Republic of Lebanon v Sotheby's, 167 AD2d 142).
MASTRO, J.P., LEVENTHAL, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court