Kelly v Muss Dev. (2025 NY Slip Op 50778(U))

[*1]

Kelly v Muss Dev.

2025 NY Slip Op 50778(U)

Decided on May 15, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 15, 2025
Supreme Court, Kings County

Alfred Kelly and ZONDA PETERS, Plaintiffs,

against
Muss Development, JOSEPH McKILLOP, DANILO GOMEZ, 
 MARK KOSTRON, CAESAR (last name unknown), Defendants.

Index No. 371/2025

Alfred Brandon Kelly & Zonda Peters, Plaintiffs pro se.
Belkin Burden Goldman, LLC, New York City (Christina M. Brown of counsel), for Defendants.

Aaron D. Maslow, J.

The following papers were used on this motion:
Plaintiffs: Order to Show Cause, Affidavit in Support, Other Affidavits, Supporting Exhibits.
Defendants: Affidavits/affirmations in opposition, exhibits.
Plaintiffs: Reply affidavit, memorandum of law.
Background
Before the Court is a motion brought on by order to show cause in an action commenced by Plaintiffs Alfred Kelly and Zonda Peters, representing themselves, against Defendants Muss Development and four employees. Per the order to show cause (completed by Plaintiffs), the relief sought is as follows:
* Immediately restoring Plaintiffs['] access to Private Terrace 2, adjacent to Apartment 518 at Plaintiffs['] Residence[.]
* Direct Defendants to Return all Personal Property retrieved from Private terrace 2 at Plaintiffs['] Residence[.]
* Enjoining & Restraining Defendants from Engaging in further acts of Interference or Retaliation During the Pendency of This Action[.]
Plaintiffs are tenants of apartment 518 ("Apartment 518") in the building located at 180 Franklin Avenue, Brooklyn, New York, pursuant to a lease dated January 1, 2018, which was thereafter renewed, the last time being on or about September 5, 2023. Non-party CBD 180 Franklin LLC ("Owner") owns the building. Defendant Muss Development is the managing agent. In addition to leasing the Apartment, Plaintiff Alfred Kelly licensed Terrace #2 in the building ("Terrace") pursuant to a certain Private Terrace License Agreement Terrace #2 dated March 17, 2022 ("Terrace License") for a one-year term. The Terrace is not connected to, or part of, Apartment 518, and is not governed by the Plaintiffs' lease of their apartment.
Pursuant to paragraph 2 of the Terrace License, the Terrace License was terminable by Owner upon thirty days' notice for any reason and upon three days' notice for cause resulting from a violation of the Terrace License. Specifically, paragraph 2 of the Terrace License states:
The license granted pursuant to this license ("License") may be terminated by Licensor on any of the following grounds:
Licensor elects, at its option, terminate the License or any renewal of this License, either with or without cause, upon thirty (30) days written notice;
Upon three (3) days written notice by Licensor that License is in violation of this License Agreement or with any rules and regulations of Licensor now in existence or hereafter adopted by Licensor relating to the Private Terrace.
Defendant Muss Development, as agent for Owner, terminated the Terrace License as of August 25, 2024, due to Plaintiff Kelly's failure to pay the monthly license fee due under the Terrace License. The termination of the Terrace License was effectuated with the service of a termination letter dated August 20, 2024.
On September 3, 2024, Shilla Patel, an employee of Muss Development, emailed Plaintiff Kelly, in pertinent part stating, "Unfortunately, the Owners have not agreed to continue the terrace license, and the notice of termination still stands. Please remove all your personal belongings from the terrace and contact Danilo to turn[ ] over access."
Thereafter, Plaintiff Kelly returned the access cards and Owner had possession of the Terrace. Despite Owner's request that all property be removed from the Terrace, Plaintiff Kelly failed to remove his and Plaintiff Peters' property for more than six months.
In March 2025, there ensued email correspondence between Patti Galea, a Muss Development employee and Plaintiff Kelly:
March 24, 2025, 9:11 a.m., Patti Galea to Plaintiff Kelly
I hope this email finds you well.
We have received a complaint from a neighbor regarding a series of confrontations regarding the terrace for which you no longer have access and for which the doors should remain closed at ALL times. We will be changing the locks on the terrace so that we can hopefully alleviate the issue of unauthorized access. Please also note that in the complaint they stated that they were followed by the same person to the refuse room and approached about trash on the floor. Please note that any issues involving another tenant should be reported to management and not handled personally.
We appreciate your attention to this matter and hope that there are no further incidents.
March 24, 2025, 9:51 a.m., Plaintiff Kelly to Patti Galea
Thank you for bringing this to my attention. We no longer have access to terrace 2. The locks were changed months ago and we no longer have a key for that door. Terrace 3 is unlocked and neighbors have accessed that terrace to feed their cats and store items. That may be the issue. I am unaware of any confrontations with neighbors in the garbage room or terrace 3.
March 24, 2025, 11:29 a.m., Patti Galea to Plaintiff Kelly
Note that it's has been witnessed that you are accessing the terraces and that your property still remains on terrace #2. If this should happen again management has been instructed to call the police as it is trespassing. Additionally all of your belongings must be removed by end of day today or they will be removed tomorrow and placed in storage and after 30 days (if not recovered by you) they will be placed in the trash.
I appreciate your attention to this matter and hope that you will oblige as per your termination letter attached dated 8/20/2024.
March 24, 2025, 11:35 a.m., Plaintiff Kelly to Patti Galea
Thank you for the note.
We do not have access through the door of terrace 2. 1 just started working and it is not possible for me to get the items moved, today. Please bear with me a little longer so I can come up with a plan to remove them.
It is a lot of items accumulated over the years and I will need a little more time.
Thank you for working with me on this. I will reach back out shortly.
March 24, 2025, 12:23 p.m., Patti Galea to Plaintiff Kelly
Brandon you have had since August to remove these items. Ownership is not agreeable to providing any additional time and we have been more than accommodating as it has been 7 months. They will be moved to storage tomorrow/early Wednesday latest at your cost and you can claim them within 30 days as after 30 days they will be put in the trash.
March 24, 2025, 12:33 p.m., Plaintiff Kelly to Patti Galea
I understand ownership[']s position. I am requesting more time to make proper arrangements for the items due to my financial situation. I just started back working and I am using every resource to catch up financially and get back into good standings. Please allow me a little more time to make arrangements and to clear off outstanding balances. I am asking for a little more time.
Thank you for understanding and please work with me on this. I will make it right as I have always done in the past.
March 24, 2025, 12:42 p.m., Patti Galea to Plaintiff Kelly
I understand and I apologize but I believe ownership has been more than fair - 7 months. I have people interested in renting these terraces and I cannot have personal belongings there.
March 24, 2025, 12:54 p.m., Plaintiff Kelly to Patti Galea
Thank you. No need to apologize, I know this puts you in a tough situation and I apologize for that. It was never my intent and when I lost my employment, financially, everything spiraled out of control. I'm hurt and embarrassed by it, but I will make it through. I hate that we have to correspond this way. I can have the items removed but just need through the weekend to do it properly. I do not want to impede on others who may want to rent them. I just need a little time to get myself in order. Please allow me that small amount of time to do it properly.
Thank you and sorry for the hardship an[d] inconvenience.
March 25, 2025, 7:55 a.m., Patti Galea to Plaintiff Kelly
Ownership has agreed to give you through the weekend however if it is not complete all will be moved to storage first thing Monday morning. 
March 26, 2025, 4:14 p.m., Patti Galea to Plaintiff Kelly
It seems we have an issue with the terrace yet again. You do not have the right to advise my team that they can not access the terrace as it is not currently rly being rented by you and you are currently toy trespassing. We have given you until the weekend to remove your belongings however we have FULL AND COMPLETE access to that terrace at any given time. Please advise your residents of the unit that they are not to approach my team at any time regarding such access. We will have a locksmith there to replace the locks because it seems they have been broken.
We have been more than fair and patient and truly do not appreciate you thinking or telling us that we are not able to access and threatening calling the cops. We have agreed to give you through the weekend to remove your belongings however should there be another issue we will have it moved to storage at your expense immediately.
I appreciate your cooperation as we have been more than cooperative with you.
March 26, 2025, 4:25 p.m., Plaintiff Kelly to Patti Galea
Thank you for the email. I understand your concern. I spoke with Danilo about what happened earlier. I do not want any problems with the office or with your team. I am working my way through this.
Please bear with me and I will reach backout to you tomorrow morning. This situation is very stressful and I'm trying to keep everything under control.
Enjoy your evening.
March 26, 2025, 4:25 p.m., Patti Galea to Plaintiff Kelly
Thanks for the reply and I do understand however this is totally unacceptable. Please just keep in mind that come Monday morning if anything remains on the terrace it will be moved and placed in storage as previously stated so I think it's best to advise whomever it was that approached my team that they do NOT have access to these terraces, they will be considered trespassing and it will be handled accordingly.
We have been more than patient so we are now at a point where we have been left with no choice.
The property having remained on the Terrace, Defendant Muss Development made arrangements for non-party Liffey Van Lines, Inc. ("Liffey") to remove and store it. Plaintiffs were instructed to speak with Liffey in terms of the property, which was now stored at Liffey's facility in Manhattan. Defendant Muss Development asserts that as of May 14, 2025, it was not in possession or control of the property removed from the Terrace.
Plaintiffs claim that Defendants are holding on to a portion of the property which had been stored on the Terrace. They also accuse Defendants of destroying the beautiful garden which Plaintiffs had maintained on the Terrace. They assert that Plaintiff Peters is disabled and used the Terrace as part of daily therapeutic and emotional care, they are entitled to perpetual use of the Terrace since their building is Rent Stabilized, other tenants have stored property on terrace spaces, and moreover that denying them use of Terrace and removing their property there was part of a pattern of harassment.

 Discussion
The order to show cause does not describe the nature of the relief sought but the specific actions requested are in the nature of injunctive relief. Since Plaintiffs are pro se, certain latitude may be afforded them and the Court will treat the motion as seeking the provisional relief of a preliminary injunction (e.g. Haverlin v Gottlieb, 49 Misc 3d 131 [A], 2015 NY Slip Op 51750[U] [App Term, 9th & 10th Dists 2015] [motion providently construed as one to renew]; Bank Trust Natl. Assn. v Dubrowski, 2024 WL 3312482 [Sup Ct, NY County 2024] [court will examine claim under uncited provision as well as cited one]; Matter of J.E.P. v People, 9 Misc 3d 1104[A], 2005 NY Slip Op 51397[U] [Fam Ct, Nassau County 2005] [incorrect caption and minor technical deficiencies in papers excused]).
" '[P]reliminary injunctive relief is a drastic remedy which will not be granted unless a clear right thereto is established under the law and the undisputed facts upon the moving papers, and the burden of showing an undisputed right rests upon the movant' " (Saran v Chelsea GCA Realty Partnership, L.P., 148 AD3d 1197, 1199 [2d Dept 2017], quoting Hoeffner v John F. Frank, Inc., 302 AD2d 428, 429-430 [2d Dept 2003]; see Soundview Cinemas, Inc. v AC I Soundview, LLC, 149 AD3d 1121, 1123 [2d Dept 2017]; Matter of Armanida Realty Corp. v Town of Oyster Bay, 126 AD3d 894, 894-895 [2d Dept 2015]). "[T]he Supreme Court must determine if the moving party has established: (1) a likelihood of success on the merits, (2) irreparable harm in the absence of an injunction, and (3) a balance of the equities in favor of the injunction" (Soundview Cinemas, Inc. v AC I Soundview, LLC, 149 AD3d at 1123; see Aetna Ins. Co. v Capasso, 75 NY2d 860, 862 [1990]; Trump on the Ocean, LLC v Ash, 81 AD3d 713, 715 [2011]). " '[A]bsent extraordinary circumstances, a preliminary injunction will not issue where to do so would grant the movant the ultimate relief to which he or she would be entitled in a final judgment' " (Zoller v HSBC Mtge. Corp. [USA], 135 AD3d 932, 933 [2016], quoting SHS Baisley, LLC v Res Land, Inc., 18 AD3d 727, 728 [2005]; see Rosa Hair Stylists v Jaber Food Corp., 218 AD2d 793, 794 [1995]).
This Court cannot grant the ultimate relief of permanently restoring access to the Terrace to Plaintiffs. They have not demonstrated entitlement to such under the facts and the law. Defendant Muss Development, acting on behalf of Owner, was entitled to terminate the Terrace License, per the Terrace License. There is no legal basis for Plaintiffs' position put forward in oral argument that they are entitled to use the Terrace in perpetuity. There is no showing by Plaintiffs that their Rent Stabilized lease includes the Terrace as part of the apartment being rented to them (cf. Garza v 508 W. 112th St., Inc., 71 AD3d 567 [1st Dept 2010]) or that it was a required service that had to be maintained for Plaintiffs (see Hazlett v Rahbar, 27 AD3d 384 [1st Dept 2006]). As was stated in Palmer v WSC Riverside Drive, LLC (61 AD3d 589, 589 [1st Dept 2009]), "Nothing in the admitted documents or the parties' conduct allows an interpretation permitting plaintiff to use the roof/terrace area." In Meirowitz v New York State Div. of Hous. & Community Renewal (28 AD3d 350, 350 [1st Dept 2006]), the court held that the tenant was not entitled "to use the backyard garden merely because he had already used it openly and notoriously for an extended period of time without any written prohibition, i.e., a lease." This would apply all the more so here where use of the Terrace was subject to a separate agreement, and Defendants exercised their right to discontinue Plaintiff's usage of it due to nonpayment.
It is also noted that there is no claim that use of the Terrace was a building-wide service provided in connection with the leasing of apartments. Therefore, the Owner's denial of use of [*2]the Terrace is not considered a diminution of services under Rent Stabilization (see Matter of 110-71st Rd. Assoc., LLC v Division of Hous. & Community Renewal, 54 AD3d 679 [parking space]).
While Plaintiff Peters is disabled and had used the Terrace as part of daily therapeutic and emotional care, that alone does not entitle Plaintiffs to use of the Terrace since use of the Terrace was subject to the Terrace License. While Owner and the managing agent are prohibited from discriminating on the basis of disability, this protection does not extend to mandating that the Owner provide access to a portion of the building reserved to someone who is granted a license to occupy it. Defendants have proffered a reasonable basis for issuing a notice of termination of the Terrace License: Plaintiff Kelly's failure to pay the monthly license fee. Similarly, that others are using terraces does not mandate that Plaintiffs be afforded access to one.
The Court understands that Plaintiffs have grievances for alleged harassment on the part of Defendants. However, the harassment cannot be remedied on this motion for a preliminary injunction inasmuch as issue has not been joined yet and it would be premature to adjudicate that claim within the context of this motion.
The Court has reviewed the statutory and administrative provisions cited by Plaintiffs in their papers and finds that none of them compels a preliminary injunction with respect to the Terrace. There being no entitlement to use of the Terrace, Plaintiffs have not shown likelihood of success on the merits.
Plaintiffs have also not made a showing of irreparable harm from not being able to use the Terrace. "Preliminary injunctions which in effect determine the litigation and give the same relief which is expected to be obtained by the final judgment, if granted at all, are granted with great caution and only when required by imperative, urgent, or grave necessity . . ." (Xerox Corp. v Neises, 31 AD2d 195, 197 [1st Dept 1968]). While using the Terrace was a convenience for Plaintiffs as they were able to store property there, the urgency for restoring their ability to use it has not been demonstrated. There is evidence in the record of Plaintiff Peters' disability but it does not extend to proving that lack of use of the Terrace would result in a grave situation.
Finally, there is the factor of the balance of the equities. Defendant Muss Development has shown that Plaintiff Kelly was behind in paying the license fee for the Terrace. This was not denied factually. Said Defendant is entitled to attempt to obtain compensation for letting out the Terrace to someone else. It is true that Plaintiffs invested much effort into creating the garden which beautified the Terrace, but this is subordinate to Defendant Muss Development's right to receive income from its use.
Plaintiffs have failed to establish the three factors necessary for obtaining a preliminary injunction and, therefore, that branch of their motion seeking it must be denied.
Plaintiffs also seek return of their property which was removed from the Terrace. Defendants aver that the property is in storage at Liffey Van Lines, Inc.'s warehouse in Manhattan. There is no substantial evidence from Plaintiffs that any of their property is still on premises at their building. Liffey Van Lines, Inc. failed to oppose this motion. Although the removal of Plaintiff's property took place only because Plaintiffs did not remove it for many months after their license to use the Terrace was revoked, they certainly are entitled to return of the property by anyone holding onto it.
Finally, Plaintiffs' motion also seeks a preliminary injunction against "further acts of Interference or Retaliation." Plaintiff has not established that Defendants intend to interfere with [*3]the enjoyment of their use of their apartment or intend to retaliate against them. These "contentions are wholly speculative and conclusory, and, therefore, are insufficient to satisfy the burden of demonstrating irreparable injury" (Khan v State University of NY Health Science Ctr. of Brooklyn, 271 AD2d 656, 657 [2d Dept 2000]; see also Soundview Cinemas, Inc. v AC I Soundview, LLC, 149 AD3d 1121 [2d Dept 2017]; Family-Friendly Media, Inc. v Recorded Tel. Network, 74 AD3d 738 [2d Dept 2010]; Copart of Connecticut, Inc. v Long Is. Auto Realty, LLC, 42 AD3d 420 [2d Dept 2007]; Housing Works, Inc. v City of New York, 255 AD2d 209 [1st Dept 1998]; Golden v Steam Heat, Inc., 216 AD2d 440 [2d Dept 1995]; Novid Contr., Inc. v Depot Constr. Corp., 41 AD2d 572 [2d Dept 1973]).
Accordingly, it is hereby ORDERED as follows:
(1) Plaintiffs' motion is GRNTED TO THE EXTENT indicated below in paragraphs (3) and (4).
(2) A copy of this Order shall be served forthwith by Plaintiffs on counsel for Defendants and on Liffey Van Lines, Inc. by personal service as per the CPLR, by 5:00 p.m., Tuesday, May 20, 2025.
(3) No later than 12:00 noon, Wednesday, May 21, 2025, Defendants Muss Development, Joseph McKillop, Danilo Gomez, Mark Kostron, and Caesar (last name unknown), each and every one individually, shall file with the County Clerk an affidavit (with service on Plaintiffs) as to whether he or it is in possession of any property of Plaintiffs Alfred Kelly and Zonda Peters removed from the Terrace (Terrace #2 of 180 Franklin Avenue, Brooklyn, New York), and said Defendants are hereby enjoined to return and deliver any such property to said Plaintiffs by 5:00 p.m., Wednesday, May 21, 2025.
(4) Liffey Van Lines, Inc. is hereby enjoined to return and deliver to Plaintiffs Alfred Kelly and Zonda Peters any property removed from the Terrace (Terrace #2 of 180 Franklin Avenue, Brooklyn, New York), as referenced in Invoice # 03312025-1 dated March 31, 2025, by 5:00 p.m., Wednesday, May 21, 2025.
(5) Plaintiffs' motion is otherwise DENIED.