■ VILLAGE OF CAZENOVIA, Respondent, v CAZENOVIA COLLEGE, Appellant.—Mahoney, P. J. Appeal from an order and judgment of the Supreme Court (Tait, Jr., J.), entered October 20, 1989 in Madison County, which granted plaintiff's motion for a preliminary injunction.

For many years, defendant has owned a building at 43 Lincklaen Street in the Village of Cazenovia, Madison County, which, most recently, was used by defendant for business offices. In July 1989, defendant began remodeling the interior of the building to permit its use as a dormitory for some 18 students. At about the same time, defendant purchased a building at 10 Albany Street in the village, which was then being used, pursuant to a variance, as offices for professional engineers. Defendant made some interior renovations in order to use the building for faculty offices, classrooms and studio space. It appears that defendant began to use the renovated buildings when the 1989-1990 school year commenced.

After learning about defendant's renovations, plaintiff cited defendant for violating plaintiff's Illustrative Site Development Plan Regulations (hereinafter Site Plan Regulations) on the ground that there were changes in the use of the two properties without the required approval. Defendant contended that there had been no changes in use because the 43 Lincklaen Street property was used continuously for educational purposes and the 10 Albany Street property was used continuously for essentially office and studio space. When the dispute could not be resolved, plaintiff commenced this action for a permanent injunction enjoining defendant's use of the properties until it complied with the Site Plan Regulations.

Plaintiff then moved for a preliminary injunction restraining defendant's use of the properties pending determination of the action. Supreme Court granted the motion and issued a preliminary injunction restraining defendant from occupying the properties. This appeal followed and we have granted defendant's motion for a stay pending appeal.

A preliminary injunction is a drastic remedy which should be granted only when the movant clearly shows a right to relief under the law and undisputed facts (see, e.g., Hudson Riv. Rafting Co. v Niagara Mohawk Power Corp., 148 AD2d 856, 857). Among the elements for a preliminary injunction, the moving party must show that the equities balance in his or her favor (see, e.g., Grant Co. v Srogi, 52 NY2d 496, 517). In this case, we are of the view that the equities balance in defendant's favor. Defendant is currently using the facilities and displacement would undoubtedly cause difficulties and hardship to students and faculty. There apparently is no question that the buildings as currently used satisfy applicable building codes. Defendant also concedes that it is occupying the premises at its own risk and is subject to appropriate penalties if ultimately found to have been in violation of the Site Plan Regulations. As we recently observed in Town of Esopus v Fausto Simoes & Assocs. (145 AD2d 840, 842): "Although it appears that plaintiff is likely to succeed on the merits, a balancing of the equities discloses no prejudice to plaintiff if it is left to await an adjudication on the merits, for a municipality is generally not subject to being barred by estoppel (Matter of Parkview Assocs. v City of New York, 71 NY2d 274, 282, appeal dismissed and cert denied [488] US [801], 109 S Ct 30), and thus any further breach of plaintiff's zoning ordinance * * * undertaken by defendant, will be at the latter's own risk."

Under the circumstances present here, we conclude that plaintiff has failed to satisfy its heavy burden of justifying a preliminary injunction and, accordingly, that Supreme Court abused its discretion in granting the preliminary injunction. This determination makes it unnecessary to address the other issues raised.

Order and judgment reversed, on the law, with costs, and motion denied. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.