■ TOWN OF THOMPSON et al., Respondents, v BERNARD BRAUNSTEIN et al., Appellants. [669 NYS2d 387] —Mercure, J. Appeal from an order of the Supreme Court (Kane, J.), entered December 27, 1996 in Sullivan County, which, *inter alia*, granted plaintiffs' motion for a preliminary injunction.

Plaintiffs, the Town of Thompson in Orange County and its code enforcement officer, commenced this action to permanently enjoin an alleged zoning violation with respect to business premises in the Town owned or operated by defendants (hereinafter the site). As of September 1996, there was in effect a valid certificate of occupancy issued to John Mulvey for opera-

tion of the site as a retail store. The following month, defendants made alterations in connection with the conversion of the site to an adult book and video store. Acting upon a complaint, the code enforcement officer made an inspection of the site and observed ongoing construction work for which no building permit had been issued. Plaintiffs ordered defendants to obtain the proper building permits before November 11, 1996. Defendants having failed to comply with that order, on November 12, 1996 plaintiffs gave notice that the certificate of occupancy for the site had become null and void. Plaintiffs then commenced this action and brought the instant motion to preliminarily enjoin defendants' use of the site. After considering the affidavits submitted by the parties and evidence adduced at a hearing and conducting its own inspection of the property, Supreme Court granted the motion for a preliminary injunction without requiring plaintiffs to post a bond. Defendants appeal.

We affirm. On an application for a preliminary injunction, a municipality seeking to enforce its zoning ordinances is not subjected to the traditional three-pronged test for temporary injunctive relief (*see*, Town Law § 268 [2]; *City of Albany v Feigenbaum*, 204 AD2d 842, *lv dismissed* 84 NY2d 850; *Town of Lake George v Dehaan*, 192 AD2d 820; *Town of Islip v Clark*, 90 AD2d 500). Rather, in such a case, Supreme Court has discretion to grant a preliminary injunction if the evidence supports findings that the municipality is likely to succeed on the merits of its case and that the balancing of the equities weighs in the municipality's favor (*see*, *Town of Esopus v Fausto Simoes & Assocs.*, 145 AD2d 840, 841-842). We agree with Supreme Court that such a showing was made in this case.

Initially, there is no dispute that defendants never applied for or received a permit for the alterations they made to the site despite the requirement of Town of Thompson Town Code §§ 31-4, 31-6 and 126-39 that a permit be obtained when making structural changes or changes in use of a building and that a certificate of occupancy be obtained before using a new or renovated building. In our view, the building inspector's observations at the site, which showed that alterations had been made to exterior windows and walls, that video viewing booths had been installed in a room previously devoted to storage and that portions of the site had been converted to habitable space, satisfied plaintiffs' burden of showing a likelihood of success on the merits. Further, in view of the fact that defendants made no effort to comply with the Town Code, re-

fusing to even apply for a building permit and at all times challenging plaintiffs' authority, we conclude that a balancing of the equities weighed in plaintiffs' favor (*see, Village of Cazenovia v Cazenovia Coll.*, 161 AD2d 986, 987; *cf., Town of Esopus v Fausto Simoes & Assocs., supra*, at 842).

Cardona, P. J., White, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.