■ INCORPORATED VILLAGE OF NORTHPORT, Appellant-Respondent, v BRITTANIA ACQUISITION CORP., Doing Business as BRITTANIA YACHT CLUB AND MARINA, Respondent-Appellant. [790 NYS2d 464]—

In an action, inter alia, for a judgment declaring the validity of certain restrictive covenants and for injunctive relief, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Werner, J.), dated November 19, 2002, as, upon reargument, adhered to its prior determination in an order dated March 7, 2002, denying its motion for summary judgment, and the defendant cross-appeals, as limited by its brief, from so much of the same order as, upon reargument, vacated so much of the prior order as directed a

hearing on the plaintiff's motion for a preliminary injunction and granted the motion as to all three causes of action.

Ordered that the cross appeal from so much of the order as, upon reargument, granted those branches of the plaintiff's motion which were for a preliminary injunction as to the first and second causes of action is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order is modified, on the law, by (1) deleting the provision thereof, upon reargument, adhering to so much of the order dated March 7, 2002, as denied those branches of the plaintiff's motion which were for summary judgment as to the first two causes of action and substituting therefor a provision, upon reargument, vacating that portion of the order dated March 7, 2002, and granting those branches of the motion, and (2) deleting the provision thereof, upon reargument, granting that branch of the plaintiff's motion which was for a preliminary injunction as to the third cause of action and substituting therefor a provision, upon reargument, denying that branch of the motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.

In support of its motion for summary judgment, the plaintiff met its burden of establishing its prima facie entitlement to judgment as a matter of law on the first and second causes of action by submitting evidence sufficient to establish the existence and scope of restrictive covenants concerning the consumption of alcoholic beverages and the storage of boats on the defendant's premises (see Greek Peak v Grodner, 75 NY2d 981, 982 [1990]; cf. E.M.R. Mgt. Corp. v Halstead Harrison Assoc., 299 AD2d 393 [2002]). In opposition, the defendant failed to raise a triable issue of fact in support of its claim that the plaintiff was not entitled to compel the enforcement of those restrictive covenants (see Deak v Heathcote Assn., 191 AD2d 671, 672-673 [1993]; Board of Educ., E. Irondequoit Cent. School Dist. v Doe, 88 AD2d 108, 118 [1982]). Accordingly, the plaintiff was entitled to summary judgment on its first two causes of action for a declaratory judgment and permanent injunctive relief, respectively, enforcing these two restrictive covenants. In light of this determination, the defendant's contentions regarding the granting, upon reargument, of those branches of the plaintiff's motion which were for a preliminary injunction as to the first two causes of action are academic.

However, the Supreme Court erred in granting the plaintiff a preliminary injunction as to its third cause of action, which seeks, inter alia, to permanently enjoin the defendant from the outdoor repairing and/or refurbishing of boats on its premises.

The proof submitted by the plaintiff in support of its motion failed to demonstrate its clear right to injunctive relief (*see Hoeffner v John F. Frank, Inc.*, 302 AD2d 428 [2003]; *Village of Cazenovia v Cazenovia Coll.*, 161 AD2d 986 [1990]).

The parties' remaining contentions are without merit. Florio, J.P., Krausman, Fisher and Lifson, JJ., concur.