■ COUNTY OF WESTCHESTER, Respondent, v UNITED WATER NEW ROCHELLE, Appellant. [822 NYS2d 287]—

In an action for injunctive relief, the defendant appeals from (1) a decision of the Supreme Court, Westchester County (Lefkowitz, J.), entered December 22, 2004, and (2) an order of the same court dated January 12, 2005, which, upon the decision, granted the plaintiff's motion for a preliminary injunction.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.,* 100 AD2d 509 [1984]); and it is further,

Ordered that the order dated January 12, 2005 is reversed, on the law, the motion is denied, and the preliminary injunction is vacated; and it is further,

Ordered that one bill of costs is awarded to the defendant.

On September 10, 2004 a privately owned embankment in the Village of Tuckahoe collapsed, causing damage to an adjacent roadway, Midland Avenue, which was owned by the Village. Subsequent to the collapse, the defendant performed repairs on a hydrant and supporting valves that it had installed at or near the embankment. The Administrative Code of Westchester County § 241.51 (2) requires that all repairs on a roadway in Westchester County must be done pursuant to a written permit issued by the Town. The defendant's repairs were not performed

pursuant to a written permit. The plaintiff moved for a mandatory preliminary injunction compelling the defendant to comply with the plaintiff's permit laws and to enjoin the defendant from destroying material evidence. The plaintiff requested that the Supreme Court direct the defendant to obtain a permit to perform road work on Midland Avenue and direct the defendant to, among other things, repair and restore the roadway and surrounding private embankment. By order dated January 12, 2005, the Supreme Court granted the plaintiff's motion and ordered the defendant to, among other things, repair and restore portions of the roadway to the condition that existed before September 10, 2004, submit two permits in accordance with the plaintiff's laws and regulations, and stabilize the roadway's right-of-way and embankment before attempting restoration of the roadway. The defendant was instructed to submit written permits, and the Supreme Court also provided specific measures that the defendant had to take in restoring the roadway. The defendant contends that it should not be compelled to restore the roadway since the plaintiff did not demonstrate that its negligence was the proximate cause of the embankment collapse.

On an application for a preliminary injunction, a municipality must demonstrate that it is likely to succeed on the merits of its case and that the balancing of the equities weighs in its favor (*see State of New York v Sour Mtn. Realty*, 276 AD2d 8, 16 [2000]; *Town of Thompson v Braunstein*, 247 AD2d 753, 754 [1998]).

In this case, there is a triable issue of fact as to whether the defendant's negligence caused the embankment to collapse. While issues of fact alone will not justify the denial of a motion for a preliminary injunction, the issue raised by the defendant "subvert [s] the plaintiff's likelihood of success on the merits in this case to such a degree that it cannot be said that the plaintiff established a clear right to relief" (*Milbrandt & Co. v Griffin*, 1 AD3d 327, 328 [2003]; *see Peterson v Corbin*, 275 AD2d 35, 37 [2000]). When central facts are in dispute, it is more difficult to ascertain whether the movant has shown a likelihood of success on the merits (*see Price Paper & Twine Co. v Miller*, 182 AD2d 748 [1992]; *Family Affair Haircutters v Detling*, 110 AD2d 745, 747 [1985]). In the instant case, the plaintiff did not establish a "clear right" to relief (*Peterson v Corbin, supra* at 37) since the defendant presented evidence that it was not liable for the collapse of the embankment and therefore should not be responsible for the repair of the roadway. Krausman, J.P., Schmidt, Spolzino and Covello, JJ., concur.