Keneally, Lynch & Bak, LLP v Salvi (2021 NY Slip Op 00425)





Keneally, Lynch & Bak, LLP v Salvi


2021 NY Slip Op 00425


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
PAUL WOOTEN, JJ.


2019-07245
 (Index No. 623923/17)

[*1]Keneally, Lynch & Bak, LLP, respondent,
v
Joseph A. Salvi, appellant.


Jeffrey B. Hulse, Sound Beach, NY, for appellant.
Keneally, Lynch & Bak, LLP, Islandia, NY (John H. Lynch of counsel), respondent pro se.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of a covenant not to compete and for injunctive relief, the defendant appeals from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated April 17, 2019. The order, insofar as appealed from, granted the plaintiff's motion for injunctive relief; upon reargument, adhered to a prior determination in an order of the same court dated June 11, 2018, granting the plaintiff's motion for a preliminary injunction; and denied those branches of the defendant's motion which were to enjoin the plaintiff from taking certain action against the defendant and to require the plaintiff to post an undertaking.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was to require the plaintiff to post an undertaking, and substituting therefor a provision granting that branch of the motion; as so modified the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for the purpose of fixing the amount of the undertaking.
In August 2017, the plaintiff entered into a written agreement whereby the plaintiff purchased the defendant's existing law practice on North Sea Road in Southampton (hereinafter the North Sea office), together with all of the law practice assets, including the goodwill of the practice, in exchange for a share of monthly revenues. The contract contained a covenant not to compete, which prohibited the defendant from practicing law within a 15-mile radius of the North Sea office for a period of five years.
Within four months of executing the agreement, the defendant opened a new law office approximately one mile from the North Sea office, contacted a number of his former clients, and engaged in other conduct which allegedly violated the covenant not to compete.
In December 2017, the plaintiff commenced this action against the defendant to recover damages for breach of the covenant not to compete and breach of the implied covenant of good faith and fair dealing, and for injunctive relief. The plaintiff also moved to preliminarily enjoin the defendant from opening a law office within a 15-mile radius of the North Sea office and from [*2]soliciting clients of the North Sea office, and requiring the defendant to return the files he removed from the North Sea office without permission, and to surrender exclusive control and ownership of the North Sea office email account. By order dated June 11, 2018, the Supreme Court granted those branches of the plaintiff's motion which were to preliminarily enjoin the defendant from opening or operating a law practice within a 15-mile radius of the North Sea office or from taking any action to contact any former clients or clients of the plaintiff for the purpose of soliciting them as clients for any other law practice he owned or with which he was affiliated.
After additional motion practice, the defendant moved his law practice to a location outside the 15-mile radius, but allegedly continued to practice law within the 15-mile radius. In September 2018, the plaintiff moved to enjoin the defendant from practicing law within a 15-mile radius of the North Sea office, rendering legal services to persons within that radius, or preparing legal documents affecting any property or persons within that radius, and requesting that he remove his law practice signs from his prior offices. By order dated September 12, 2018, the Supreme Court granted the plaintiff's motion.
The defendant moved for leave to renew and reargue, and, upon renewal and reargument, to vacate the order dated June 11, 2018. The defendant also moved to enjoin the plaintiff from taking certain action against the defendant and to require the plaintiff to post an undertaking. In the order appealed from, the Supreme Court, inter alia, upon reargument, adhered to its original determination in the order dated June 11, 2018, and denied those branches of the defendant's motion which were to enjoin the plaintiff from taking certain action against the defendant and to require the plaintiff to post an undertaking.
Contrary to the defendant's argument, the covenant not to compete is valid and enforceable. The parties' written agreement was not unenforceable for lack of consideration. "Absent fraud or unconscionability, the adequacy of consideration is not a proper subject for judicial scrutiny" (Apfel v Prudential-Bache Sec., 81 NY2d 470, 476; see Fellion v Darling, 14 AD3d 904, 908; Su Mei, Inc. v Kudo, 302 AD2d 740, 742). Contrary to the defendant's contention, the price term of the written agreement does not constitute an illegal fee-splitting agreement in violation of Rule 1.5(g) of the New York State Unified Court System Rules of Professional Conduct. Rule 1.17 of the Rules of Professional Conduct (22 NYCRR 1200.00), which concerns the sale of a law practice, provides for a specific exception to the rule prohibiting lawyers from dividing a fee for legal services with another lawyer who is not associated in the same law firm (see NY St Bar Assn Comm on Prof Ethics Op 961 [2013]).
Further, "[c]ovenants not to compete which relate to the sale of a business and its accompanying good will . . . may be enforced when they are reasonable in scope and duration, do not unreasonably burden the promisor, and do not harm the general public" (Sarantopoulos v E-Z Cash ATM, Inc., 35 AD3d 708, 709). Here, the scope and duration of the covenant not to compete were reasonable and did not unreasonably harm the defendant or the general public.
To establish the right to a preliminary injunction, the plaintiff must prove by clear and convincing evidence (1) the likelihood of ultimate success on the merits, (2) irreparable injury absent the grant of the injunction, and (3) a balance of the equities in the plaintiff's favor (see CPLR 6301; Ginsburg v Ock-A-Bock Community Assn., Inc., 34 AD3d 637, 637; Koursiaris v Astoria N. Dev., 143 AD2d 639, 641). Here, the plaintiff established its right to a preliminary injunction.
CPLR 6312(b) requires that, prior to the granting of a preliminary injunction, the plaintiff is required to post an undertaking in an amount fixed by the court. This requirement may not be waived (see Rourke Devs. v Cottrell-Hajeck, Inc., 285 AD2d 805, 805). The Supreme Court, however, failed to require an undertaking when it granted the plaintiff's motion for a preliminary injunction. Accordingly, we agree with the defendant that an undertaking should have been required, and remit the matter to the Supreme Court, Suffolk County, to fix the amount of the undertaking.
MASTRO, A.P.J., AUSTIN, HINDS-RADIX and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court