Colombos v Rams Bottled Water & Coolers, Inc. (2022 NY Slip Op 01439)





Colombos v Rams Bottled Water & Coolers, Inc.


2022 NY Slip Op 01439


Decided on March 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2019-04716
 (Index No. 62197/16)

[*1]Edna Colombos, et al., respondents, 
v
Rams Bottled Water and Coolers, Inc., et al., appellants.


Joseph T. Adragna, Huntington, NY, for appellants.
Albert A. Hatem, P.C., White Plains, NY, for respondents.



DECISION & ORDER
In an action, inter alia, to recover on a promissory note and personal guaranties, the defendants appeal from a judgment of the Supreme Court, Westchester County (Charles D. Wood, J.), entered March 21, 2019. The judgment, upon a decision of the same court dated January 4, 2019, made after a nonjury trial, is in favor of the plaintiffs and against the defendants in the total sum of $281,234.94.
ORDERED that the judgment is affirmed, with costs.
In an agreement dated October 1, 2013, the defendant Rams Bottled Water and Coolers, Inc. (hereinafter Rams), agreed to buy the assets of the plaintiff Pure Spring Water Corp. (hereinafter Pure Spring), including "the good will of the business as a going concern," for a purchase price of $250,000 (hereinafter the asset exchange agreement). To cover a portion of the purchase price, Rams provided Pure Spring with a promissory note in the principal sum of $200,000, payable pursuant to a 72-month amortization schedule. The defendants Patrick Ramlall and Rodrick Ramlall signed personal guaranties for repayment of the promissory note. After Rams defaulted in making the monthly payments required by the promissory note, Pure Spring and the plaintiff Edna Colombos, Pure Springs' principal owner, commenced this action, inter alia, to recover on the promissory note and the personal guaranties. After a nonjury trial, the Supreme Court entered a judgment in favor of the plaintiffs and against the defendants in the total sum of $281,234.94. The defendants appeal.
Where, as here, a case is tried without a jury, "'this Court's authority is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses' and hearing the testimony" (West St. Props., LLC v American States Ins. Co., 150 AD3d 792, 794, quoting MJAC Realty Corp. v Boccio, 67 AD3d 870, 870 [internal quotation marks omitted]; see Finney v Morton, 170 AD3d 811). "'Where the trial court's findings of fact rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations'" (Matter of Kassab v Kasab, 195 AD3d 832, 836, quoting Reingold v Bowins, 180 AD3d 722, 723).
Upon our review of the record here, we find that the award of damages against all the [*2]defendants was warranted by the facts. Contrary to the defendants' contentions, the asset exchange agreement at issue was not unenforceable for lack of consideration (see Apfel v Prudential-Bache Sec., 81 NY2d 470, 476; Keneally, Lynch & Bak, LLP v Salvi, 190 AD3d 961). In addition, although a scrivener's error in one of the written guaranties indicated that the guarantors were guaranteeing a repayment by "REMS" instead of "RAMS," the Supreme Court's determination that this error did not affect the validity of the guaranties is supported by the record.
The defendants' remaining contentions are not properly before this Court.
DILLON, J.P., DUFFY, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court