Bilgrei v North Shore Tower Apts., Inc. (2024 NY Slip Op 03401)

Bilgrei v North Shore Tower Apts., Inc.

2024 NY Slip Op 03401

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2022-08423
 (Index No. 726456/21)

[*1]Michael Bilgrei, respondent, 
v
North Shore Tower Apartments, Inc., appellant.

Boyd Richards Parker Colonnelli, New York, NY (Edward M. Yu and Bryan J. Mazzola of counsel), for appellant.
Smith Buss & Jacobs LLP, Yonkers, NY (Eric P. Blaha of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for injunctive relief to abate a private nuisance, the defendant appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered September 9, 2022. The order granted the plaintiff's motion for a preliminary injunction.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and the plaintiff's motion for a preliminary injunction is denied.
In 2015, the plaintiff entered into a proprietary lease for a unit in a cooperative apartment complex owned and operated by the defendant. The plaintiff alleges that he has heard persistent vibrations and humming noises in his apartment since February 2021. In November 2021, the plaintiff commenced this action, inter alia, for an injunction directing the defendant to identify the source of the alleged vibrations and noise and to permanently abate them.
The plaintiff moved for a preliminary injunction enjoining the defendant "from permitting the nuisance caused by excessive noise and vibration" in the plaintiff's apartment and directing the defendant "to undertake such measures as are necessary to completely and permanently abate the nuisance." The defendant opposed the motion. By order entered September 9, 2022, the Supreme Court granted the plaintiff's motion, enjoined the defendant from permitting the vibrations and noise to continue, and directed the defendant to undertake measures to permanently abate the vibrations and noise. The defendant appeals.
By decision and order on motion dated December 23, 2022, this Court granted the defendant's motion to stay enforcement of the order entered September 9, 2022, pending a hearing and determination of this appeal.
"'[P]reliminary injunctive relief is a drastic remedy which will not be granted unless a clear right thereto is established under the law and the undisputed facts upon the moving papers, and the burden of showing an undisputed right rests upon the movant'" (Saran v Chelsea GCA Realty Partnership, L.P., 148 AD3d 1197, 1199, quoting Hoeffner v John F. Frank, Inc., 302 AD2d 428, 429-430). "To establish the right to a preliminary injunction, the plaintiff must prove by clear and convincing evidence (1) the likelihood of ultimate success on the merits, (2) irreparable injury [*2]absent the grant of the injunction, and (3) a balance of the equities in the plaintiff's favor" (Keneally, Lynch & Bak, LLP v Salvi, 190 AD3d 961, 963; see CPLR 6301). "[A]bsent extraordinary circumstances, a preliminary injunction will not issue where to do so would grant the movant the ultimate relief to which he or she would be entitled in a final judgment" (Matter of Boening v Nassau County Dept. of Assessment, 200 AD3d 973, 974 [internal quotation marks omitted]).
Here, the plaintiff has not shown a likelihood of success on the merits, as the record reveals disputed and unresolved issues with regard to whether there is an unreasonable level of noise and vibration in the plaintiff's apartment and whether the parties can identify the source of the alleged noise and vibration (see R & G Brenner Income Tax Consultants v Fonts, 206 AD3d 943, 945; County of Westchester v United Water New Rochelle, 32 AD3d 979, 980). The plaintiff has also failed to show that irreparable injury would result in the absence of a preliminary injunction or that the balance of the equities resolves in his favor (see Montgomery v 215 Chrystie LLC, 209 AD3d 587, 587). Because the plaintiff has failed to show a "clear right to relief" (County of Westchester v United Water New Rochelle, 32 AD3d at 980 [internal quotation marks omitted]), the Supreme Court should have denied the plaintiff's motion for a preliminary injunction. Moreover, by granting the plaintiff's motion, the court granted the plaintiff a portion of the ultimate relief that he sought in the complaint, effectively altering the status quo (see Shake Shack Fulton St. Brooklyn, LLC v Allied Prop. Group, LLC, 177 AD3d 924, 928).
In light of the foregoing, the defendant's remaining contention need not be reached.
IANNACCI, J.P., MALTESE, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court