Keneally, Lynch & Bak, LLP v Salvi (2024 NY Slip Op 05336)

Keneally, Lynch & Bak, LLP v Salvi

2024 NY Slip Op 05336

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2020-04518
 (Index No. 623923/17)

[*1]Keneally, Lynch & Bak, LLP, appellant, 
v
Joseph A. Salvi, respondent.

Keneally, Lynch & Bak, LLP, Islandia, NY (John Howard Lynch of counsel), appellant pro se.
Jeffrey B. Hulse, Sound Beach, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of a covenant not to compete and for injunctive relief, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated May 8, 2020. The order, insofar as appealed from, (1) denied those branches of the plaintiff's cross-motion which were pursuant to CPLR 3211(b) to dismiss the defendant's affirmative defenses and for summary judgment on the cause of action for a permanent injunction, and (2) denied the plaintiff's four separate motions to hold the defendant in contempt.
ORDERED that the order is modified, (1) on the law, by deleting the provision thereof denying that branch of the plaintiff's cross-motion which was pursuant to CPLR 3211(b) to dismiss the defendant's affirmative defenses, and substituting therefor a provision granting that branch of the cross-motion, and (2) on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof denying the plaintiff's four separate motions to hold the defendant in contempt, and substituting therefor a provision granting those motions; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.
In August 2017, the plaintiff entered into a written agreement whereby it purchased the defendant's existing law practice on North Sea Road in Southampton (hereinafter the North Sea office), together with all of the law practice's assets, including the goodwill of the practice, in exchange for a share of monthly revenues. The agreement contained a covenant not to compete, which prohibited the defendant from practicing law within a 15-mile radius of the North Sea office for a period of five years. Soon thereafter, the defendant engaged in conduct that allegedly violated the covenant not to compete. The plaintiff commenced this action against the defendant, inter alia, alleging breach of the covenant not to compete and for injunctive relief. The defendant asserted affirmative defenses in his amended answer alleging the unavailability of injunctive relief, illegal fee splitting, and that the agreement was unenforceable for want of adequate consideration.
Following motion practice, in an order dated April 17, 2019 (hereinafter the April 2019 order), the Supreme Court, inter alia, granted the plaintiff's motion for preliminary injunctive relief enjoining the defendant from "practicing law within a 15 mile radius of the law practice he sold." On the defendant's appeal from the April 2019 order, this Court, among other things, [*2]affirmed so much of the April 2019 order as granted the plaintiff's motion for preliminary injunctive relief, determining, in relevant part, that the covenant not to compete was valid and enforceable and that the plaintiff established its entitlement to a preliminary injunction (see Keneally, Lynch & Bak, LLP v Salvi, 190 AD3d 961, 963). This Court also determined that the covenant not to compete did not constitute unlawful fee splitting and was not unenforceable for lack of consideration (see id.).
While the prior appeal was pending, the defendant moved, inter alia, for summary judgment dismissing the complaint. The plaintiff cross-moved, among other things, pursuant to CPLR 3211(b) to dismiss the defendant's affirmative defenses and for summary judgment on the cause of action for a permanent injunction. Subsequently, the plaintiff made four separate motions to hold the defendant in contempt for violating earlier orders of the Supreme Court granting temporary injunctive relief enforcing the terms of the covenant not to compete. In an order dated May 8, 2020, the court, inter alia, (1) denied those branches of the plaintiff's cross-motion which were pursuant to CPLR 3211(b) to dismiss the defendant's affirmative defenses and for summary judgment on the cause of action for a permanent injunction, and (2) denied the plaintiff's four separate motions to hold the defendant in contempt. The plaintiff appeals.
Contrary to the plaintiff's contention, it was not entitled to summary judgment on the cause of action for a permanent injunction. "A permanent injunction is a drastic remedy which may be granted only where the plaintiff demonstrates that it will suffer irreparable harm absent injunction," and it "should be invoked only to protect against future, repeated violations of a party's rights" (Matter of 144-80 Realty Assoc. v 144-80 Sanford Apt. Corp., 193 AD3d 723, 725 [internal quotation marks omitted]). Here, in support of that branch of its cross-motion which was for summary judgment on the cause of action for a permanent injunction, the plaintiff failed to establish that a permanent injunction would be necessary as a matter of law. Accordingly, the Supreme Court properly denied that branch of the plaintiff's cross-motion, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, the plaintiff was entitled to dismissal of the defendant's affirmative defenses pursuant to CPLR 3211(b). This Court determined on the prior appeal that "the covenant not to compete is valid and enforceable," and affirmed so much of the April 2019 order as granted the plaintiff's motion for preliminary injunctive relief (Keneally, Lynch & Bak, LLP v Salvi, 190 AD3d at 963). Moreover, this Court determined that the agreement "was not unenforceable for lack of consideration" due to the absence of fraud or unconscionability, and that "the price term of the written agreement does not constitute an illegal fee-splitting agreement in violation of rule 1.5(g) of the Rules of Professional Conduct" (id.). This Court's resolution of these issues on the prior appeal "constitutes law of the case and is binding" herein (Matter of Hanlon, 189 AD3d 1405, 1408). In light of this Court's prior resolution of the issues raised by the defendant's affirmative defenses, the Supreme Court should have granted that branch of the plaintiff's cross-motion which was pursuant to CPLR 3211(b) to dismiss the defendant's affirmative defenses.
Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in denying the plaintiff's four separate motions to hold the defendant in contempt. To prevail on a motion to hold a party in civil contempt, the movant must establish, by clear and convincing evidence, that the party to be held in contempt violated a lawful and clear mandate of the court, of which that party had knowledge, and that such violation resulted in prejudice to the movant's rights (see El-Dehdan v El-Dehdan, 26 NY3d 19, 29; Matter of Mendoza-Pautrat v Razdan, 160 AD3d 963, 964). Here, the plaintiff established, by clear and convincing evidence, that the defendant knowingly violated a lawful and clear mandate of the court set forth in the April 2019 order enforcing the covenant not to compete and that such violation resulted in prejudice to the plaintiff's rights. The plaintiff, among other things, submitted affidavits from clients of the defendant located within the geographic scope of the covenant not to compete, in which the clients averred that the scope of the defendant's representation involved matters within that same area, as well as email correspondence in which the defendant sought legal fees for representation prohibited by the April 2019 order. The defendant's conduct, which is not in dispute, unambiguously constituted the practice of law within the prohibited geographic area in violation of the court's directive, warranting a finding of contempt under the circumstances.
The Supreme Court, therefore, should have granted the plaintiff's four separate motions to hold the defendant in contempt. We modify the order accordingly, and remit the matter to the Supreme Court, Suffolk County, for a hearing on the issue of the sanction to be imposed upon the defendant. We express no opinion as to the appropriate sanction to be imposed.
BRATHWAITE NELSON, J.P., MILLER, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court